COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


RICARDO BERRY

v.   Record No. 0347-95-4                    OPINION BY
                                   CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                  APRIL 2, 1996


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Quinlan H. Hancock, Judge

         Glenn S. Wainer (Wainer & Ritter, P.C., on
         briefs), for appellant.

         Robert B. Beasley, Jr., Assistant Attorney
         General (James S. Gilmore, III, Attorney
         General, on brief), for appellee.


     Ricardo Berry appeals his conviction of distribution of

cocaine, having previously been convicted of a like offense.

Code § 18.2-248.  Berry argues that the trial court erred in

denying his motions in limine to suppress evidence of two prior

drug transactions and of his previous conviction of a like

offense.  Because evidence of the two prior transactions was

probative of whether Berry was properly identified and evidence

of his prior conviction was necessary to prove his previous

conviction of a like offense, we hold that the trial court did

not err in admitting the evidence.  We affirm.

     On November 11, 1994, two police investigators went to a

local Seven-Eleven for a prearranged meeting with Ricardo Berry

and a third party who was acting as an "unwitting" go-between.

Investigator Savage greeted Berry, spoke with him briefly, and

asked whether he could sell him an "eight ball" of crack cocaine. Berry stated that he was not "doing anything", street lingo for selling drugs, and to check with him later. Investigator Savage was preparing to leave the scene in his vehicle when Berry called to him to wait because he had the drugs. Berry got into the car, and the transaction was completed. Investigator Turner observed the interaction between Savage and Berry.

Both Investigator Savage and Investigator Turner had seen Berry earlier. Savage had seen Berry about thirteen months before when he went to Berry's home with a third party in order to purchase drugs. The third party told Savage to stay outside and to give him the money. The third party went into the house and came out with Berry. Savage and Berry conversed for about ten minutes.

Investigator Turner had seen Berry on November 5, six days before the transaction in the instant case. He went to the same Seven-Eleven with an unwitting third party, who had previously sold drugs to Turner. Turner gave him an order for drugs that he knew would be too large for the third party to fill, because Turner wanted to learn the identity of the third party's supplier. When they arrived at the Seven-Eleven, the third party paged his supplier, Berry, who walked up from his nearby residence. Berry went into the Seven-Eleven, the third party followed him with the money, and then he and Berry walked out of the store. The third party gave the cocaine to Turner.

## I. Prior Transactions

The trial judge permitted the officers to testify concerning their prior meetings with Berry, on the ground that identity was at issue in the case. Berry's position throughout the trial was that he was at a nightclub in the District of Columbia on the night in question and was being misidentified. For the incident with Savage, the defense raised the issue of identity by asking Savage whether the preliminary hearing was the first time he had seen Berry.

Generally, evidence that shows or tends to show that the accused committed other crimes is not admissible for the purpose of proving that the accused committed the crime charged. Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). However, evidence of prior crimes may be admissible if it tends to prove any relevant fact of the offense charged. Black v. Commonwealth, 20 Va. App. 186, 192, 455 S.E.2d 755, 758 (1995). One such fact is the identity of the accused. Where the defendant has questioned the accuracy of a witness' identification, testimony involving prior occasions where the witness has had occasion to become familiar with the defendant's appearance, even though it be during the commission of another crime, supports the identification and is admissible provided that its probative value outweighs the prejudice to the defendant. Black, 20 Va. App. at 192-93, 455 S.E.2d at 758; Lewis v. Commonwealth, 8 Va. App. 574, 579, 383 S.E.2d 736, 739 (1989) (en banc).

The accuracy of the officers' identification of Berry was questioned throughout the trial, from the opening statement through Berry's own testimony and that of his alibi witnesses. The identification issue was also raised on cross-examination of Savage. The officers' testimony concerning their prior contacts with Berry was highly relevant to prove that Berry was the individual who sold drugs to Savage on November 11.

The decision on whether the probative value of the evidence of other crimes outweighs any prejudice to the defendant is left largely within the sound discretion of the trial judge, and is reviewed only for abuse of discretion. Lewis, 8 Va. App. at 579, 383 S.E.2d at 740. The officers' testimony concerning their prior contacts with Berry was highly probative on the issue of identity. Identity was the key issue in the trial. In these circumstances, we find that the trial court did not abuse its discretion in allowing the testimony.

## II. Prior Conviction

The trial court allowed Berry's prior conviction for a like offense to be placed into evidence during the guilt phase of the trial. Although, as discussed above, evidence of other crimes is inadmissible if relevant only to show a probability of guilt or a propensity for criminal conduct, evidence of other crimes "is properly received if it is relevant and probative of an issue on trial, such as an element of the offense charged or the required predicate for enhanced punishment." Pittman v. Commonwealth, 17 Va. App. 33, 35, 434 S.E.2d 694, 695 (1993). Conviction of a

- 4 -

prior like offense is an element of the charge as it was set forth in the indictment, and is also a necessary predicate to an enhanced penalty pursuant to Code § 18.2-248.

Berry seeks to distinguish Pittman on the ground that there now exists a bifurcated procedure for felony trials, with the sentencing phase conducted after the guilt phase. Code § 19.2-295.1. However, in Farmer v. Commonwealth, 10 Va. App. 175, 390 S.E.2d 775 (1990), aff'd on reh'g, 12 Va. App. 337, 404 S.E.2d 371 (1991) (en banc), the Court upheld introduction of evidence of prior DUI convictions in the guilt phase of a bifurcated trial on charges of DUI as a third or subsequent offense. Farmer, 10 Va. App. at 179-80, 390 S.E.2d at 776-77. Under the rationale of Farmer, evidence of Berry's previous conviction for distribution was admissible in the guilt phase of the trial.

Berry cites Able v. Commonwealth, 16 Va. App. 542, 431 S.E.2d 337 (1993), which contains language suggesting that proof of the prior conviction may not be an element of the offense of distribution of cocaine after having been previously convicted of a like offense. We find that language to be dictum unnecessary to the holding in Able and in conflict with the rationale of Farmer.

Accordingly, we hold that the evidence was properly admitted.

### III.  Cautionary Instruction

Berry argues that the court's failure to give a cautionary instruction on the evidence of prior transactions constitutes reversible error.[1]  Berry is precluded under Rule 5A:18 from raising this issue because he failed to request a cautionary instruction at trial.  The failure to request a cautionary instruction bars consideration of the issue on appeal.  See Martinez v. Commonwealth, 241 Va. 557, 559 n.2, 403 S.E.2d 358, 359 n.2 (1991); Morris v. Commonwealth, 14 Va. App. 283, 286-87, 416 S.E.2d 462, 464 (1992) (en banc).  This bar remains even where, as here, an objection to the testimony is made and overruled by the trial court.  Morris, 14 Va. App. at 287, 416 S.E.2d at 464.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

---

[1] Berry also argues that the jury should have been instructed that Investigator Turner "redacted his testimony [after the defense objection] regarding having bought drugs directly from the defendant."  This claim has no support in the record, as Turner's testimony before and after the defense objection was consistent.