COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia


ANDRE TYREE BATTLE
                                              OPINION BY
v.  Record No. 0597-96-2            JUDGE JAMES W. BENTON, JR.
                                          MARCH 25, 1997
COMMONWEALTH OF VIRGINIA

               FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Thomas N. Nance, Judge

               D. Gregory Carr (Cary B. Bowen; Bowen &
               Bowen, P.C., on brief), for appellant.

               Leah A. Darron, Assistant Attorney General
               (James S. Gilmore, III, Attorney General, on
               brief), for appellee.


     A jury convicted Andre Tyree Battle of second degree murder

but acquitted him of use of a firearm in the commission of a

felony.  Battle contends that the conviction should be reversed

because the trial judge erroneously admitted evidence of a

shooting incident that involved Battle and the victim two nights

before the killing.  We affirm the conviction.

                                I.

     Battle was indicted on charges of first degree murder of

Otis Patillo and use of a firearm in the commission of murder.

Before trial, the Commonwealth filed a motion in limine seeking

the judge's ruling on the admissibility of evidence regarding

events that occurred two days before the killing.  At a pretrial

hearing on the motion, Patillo's niece testified that at 3:00

a.m. on April 27, 1995, while she was watching television with

Patillo at his residence on Raven Street, someone knocked on the door. When Patillo went to the door and asked who was there, the person said, in what she believed to be a disguised voice, "it's Fonz." The niece thought the voice did not sound like Fonz. She asked Patillo not to open the door but he did so. The niece observed Battle and Jason Black standing outside the unopened screen door. The niece also testified that a brief conversation occurred in which Battle and Black told Patillo to let them in. She saw their faces and recognized their voices before Patillo slammed shut the inner door. She testified that as soon as Patillo shut the door, "they started shooting" and bullets came into the house. She and Patillo immediately contacted the police and gave the investigating officer the names of Battle and Black.

At the conclusion of the proffered testimony, the trial judge ruled that he would allow the evidence if the Commonwealth established a proper purpose for the evidence when it was offered at trial. The trial judge also indicated that he would give the jury a cautionary instruction and alerted Battle's attorney to be prepared to offer such an instruction. The Commonwealth's attorney indicated that he would offer the evidence to prove Battle's premeditation and intent to kill.

At the ensuing jury trial, Sonia Annatte Anderson testified that on April 29 in the early morning, she was standing on Raven Street with a friend when she saw Shawn Spires sitting with Patillo on a porch. She also saw two other men standing on the

street close to the front of the porch. Both of the men had guns. Anderson testified that she heard six or more gunshots and that she saw fire coming from both guns.

Anderson testified that the two men with guns ran toward her and came within six to eight feet of her. She testified that she was standing near a streetlight and identified the men as Battle and Black as they approached. She also testified that she knew both men and was certain that one of the men was Battle.

Anderson further testified that she had attended a party earlier that same night and had consumed one alcoholic beverage. She saw Battle and Black at the party. Anderson testified that "[y]ou hardly ever s[aw] one without the other." At the party, Battle was wearing light colored clothes, but, when he passed her after the shooting, he was wearing dark colored clothes. Anderson testified that Battle might have been wearing a hood or a hat at the time of the shooting. She testified, however, that his face was not covered.

Anderson further testified that after Battle and Black ran by her on Raven Street, they drove away in a gold-colored car. After the car left, Anderson went to the porch where the shots had been fired. She saw Patillo on the ground.

At approximately 12:50 a.m., police officers responded to Raven Street and found Patillo dead on the street. He had been shot seven times. An officer found four cartridge casings that had been ejected from a gun. Battle's attorney stipulated that

the casings the police found at the scene came from the gun that Black had in his possession several days later. The gun was capable of holding fifteen cartridges and contained only three cartridges when it was taken from Black.

Patillo's niece testified for the Commonwealth about the events that occurred at Patillo's residence two days before the murder. Her testimony at trial was materially the same as her testimony at the pretrial hearing.

At the end of the Commonwealth's case, the judge denied Battle's motion to strike. Battle offered no additional evidence. Before closing arguments, the judge instructed the jury, in relevant part, as follows:

> Evidence that shows or tends to show that a defendant committed . . . another offense is not admissible to show that the defendant committed the crime charged. However, you may consider such evidence as evidence of one the defendant's intent, the defendant's identity, the defendant's malice or the defendant's premeditation.

The jury convicted Battle of second degree murder but acquitted him of use of a firearm in the commission of murder.

II.

Battle argues that the trial judge erred in admitting the niece's testimony regarding the shooting that occurred two days before the murder. The Commonwealth contends that the trial judge properly admitted the evidence to show Battle's intent, identity, malice, and premeditation.

"To be admissible, evidence must relate and be confined to

- 4 -

matters in issue, and it must tend to prove or disprove these matters or be pertinent to them." Boggs v. Commonwealth, 199 Va. 478, 486, 100 S.E.2d 766, 772 (1957).

> Evidence of other crimes or bad acts is inadmissible if it is offered merely to show that the defendant is likely to have committed the crime charged. However, such evidence is admissible if it tends to prove any element of the offense charged, even though it also tends to show that the defendant is guilty of another crime.

Goins v. Commonwealth, 251 Va. 442, 462, 470 S.E.2d 114, 127 (citations omitted), cert. denied, ___ U.S. ___, 117 S. Ct. 222, 136 L. Ed. 2d 154 (1996). "Such evidence is permissible in cases where the motive, intent or knowledge of the [defendant] is involved." Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

At trial, Anderson testified that before Patillo was killed Battle and Black were both armed and standing near the porch where Patillo was sitting. She saw them shoot and kill Patillo. Anderson did not hear or see anything that might have precipitated the shooting. In this first degree murder prosecution, the Commonwealth was required to prove both intent and premeditation. Rhodes v. Commonwealth, 238 Va. 480, 485, 384 S.E.2d 95, 98 (1989). Those issues were contested.

The niece's testimony tended to prove that Battle and Black harbored an animus against Patillo two days before the killing. Her testimony established that Battle and Black tried to enter Patillo's residence using a ruse and that shots were fired into

Patillo's residence immediately after he slammed his door shut. The trial judge correctly found that if the jury believed the niece's testimony, the jury could infer from Battle's conduct on that occasion that he harbored malice toward Patillo and had formed the intent to kill Patillo at least two days before the killing. We hold that the evidence was highly probative of Battle's premeditation and intent in killing Patillo.

Battle also argues that because the niece's testimony did not directly establish that Battle committed or assisted in the prior crime, the evidence had little probative value. Battle asserts that the trial judge erred by admitting the evidence because its probative value was outweighed by its prejudicial effect. We disagree.

"Ultimately, the question whether to admit evidence of other crimes involves the same considerations as any other circumstantial evidence." Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 616 (1990). The trial judge's obligation was to determine the admissibility of that evidence by weighing the probative value of the evidence against its possible prejudicial effect. See id. at 90, 393 S.E.2d at 617. "[W]hether the probative value of the evidence of other crimes outweighs any prejudice to the defendant is left largely within the sound discretion of the trial judge." Berry v. Commonwealth, 22 Va. App. 209, 213, 468 S.E.2d 685, 687 (1996).

The evidence proved that Battle and Black sought to enter

Patillo's residence by a ruse and that when Patillo slammed his door shut shots were fired into his residence. The evidence also proved that, two days later, Battle and Black both had guns and shot onto the porch when Patillo was killed. The two incidents were closely related in time, both concerned gunfire directed at Patillo, and both involved Battle and Black. The record therefore establishes, contrary to Battle's argument, that the probative value of the evidence of the shooting on April 27 outweighed its prejudicial effect.

Furthermore, the trial judge's cautionary instruction informed the jury that the evidence of the earlier event could not be used to establish a propensity to commit crime. In view of the similarity of circumstances, the clear identification of Battle in both instances, and the cautionary instruction, we cannot say that the record establishes that the trial judge abused his discretion in ruling that the probative value of the evidence outweighed any prejudice to Battle.

Accordingly, we affirm the conviction.

Affirmed.
