COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


EUGENE VALENTINO SMALLS

MEMORANDUM OPINION[*] BY
v.          Record No. 2621-96-1          JUDGE RICHARD S. BRAY
                                      FEBRUARY 3, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Kenneth N. Whitehurst, Jr., Judge

James O. Broccoletti (Zoby & Broccoletti, on
brief), for appellant.

Richard B. Smith, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


Eugene V. Smalls (defendant) was convicted by a jury for

possession of cocaine with intent to distribute, related

conspiracy, and transport of the drug into the Commonwealth. On

appeal, defendant assails the accuracy of the written transcripts

provided to visually assist in discerning certain audio and video

tapes and asserts that the trial court improperly instructed the

jury on the limited purpose of such transcripts. For the reasons

that follow, we affirm the convictions.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

During a protracted investigation of defendant for suspected

drug activity, Detective J.W. Hayden monitored and recorded

_____
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

twelve telephone conversations between defendant and a confidential informant, and videotaped a meeting of the two men on October 19, 1995.  The detective subsequently prepared written transcripts of these encounters.  Portions of conversation which the detective was unable to understand were identified by numerous ellipses throughout the transcripts.

When the Commonwealth offered the transcripts to the jury for reference coincidental with presentation of the audio and video tapes, defendant objected, arguing,

> Obviously, I think pursuant to the ruling before – the video and audio tapes before the jury – I would be objecting to any transcript.  I think their recollection or ability to hear what's on the tape should be controlling and not what someone else has listened to and prepared a transcript from. The voices are very difficult to understand, and I would object to the jury being given a transcript to follow through.

The court overruled the objection, the transcripts were made available to the jury, and defendant requested no cautionary instruction.

After the taped telephone conversations were in evidence, but before a transcript of the videotaped meeting was distributed to the jury, defendant renewed his objection to the transcripts, and the court cautioned the jury that

> These transcripts---they are simply for you to use to help you in understanding because sometimes the words are hard to understand. That's the only reason they are given out. Otherwise we let you listen to the tape, but we thought it might be helpful so---in case you can't understand some of the words.

Defense counsel neither objected to this instruction nor proffered an alternative.  The remaining tape and attendant transcript were then presented to the jury.

## Procedural Bar

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  "Furthermore, the reasons stated for the objection in the trial court must be the same reasons that are argued on appeal."  Campbell v. Commonwealth, 13 Va. App. 33, 41, 409 S.E.2d 21, 26 (1991) (citation omitted).  "The goal of the contemporaneous objection rule is to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action."  Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (citation omitted).

Defendant complains on appeal that the "audiotapes were [so] difficult to understand" that "[e]llipses appear throughout the transcript . . . where the detective could not make out what was said."  As a result, he argues that portions of conversation were "unduly emphasized" and considered without proper context.  However, defendant's only objection at trial addressed the use of transcripts, not deficiencies in content or format.[1]

---

[1] "[F]ederal and state courts . . . have determined that whether the jury may use a typed transcript as a visual aid while

- 3 -

Moreover, defendant "was present at trial and had the ability to point out discrepancies between the transcript and the tape recording," but did not pursue such evidence. Arnold, 4 Va. App. at 279, 356 S.E.2d at 850 (citation omitted). "Having failed to designate any discrepancy of substance between the transcript and the recorded conversation either here or in the trial court, appellant waived his opportunity to challenge the transcript's accuracy." Id.

> "[T]he ends of justice exception is narrow and is to be used sparingly . . . ." In order to avail oneself of the exception, a defendant must affirmatively show a miscarriage of justice has occurred, not that a miscarriage might have occurred. The trial error must be "clear, substantial and material."

Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997). Because the instant circumstances demonstrate no "clear, substantial or material" error resulting in a "miscarriage of justice," we decline to invoke the exception to Rule 5A:18.

### Cautionary Instruction

The record clearly discloses that the trial court failed to admonish the jury on the limited use of the transcripts until a portion of the tapes had been heard by the jury, together with

listening to a recording is a matter within the sound discretion of the trial judge." Arnold v. Commonwealth, 4 Va. App. 275, 277-78, 356 S.E.2d 847, 849 (1987); see also United States v. Long, 651 F.2d 239, 243 (4th Cir.), cert. denied, 454 U.S. 896 (1981); United States v. John, 508 F.2d 1134, 1141 (8th Cir.), cert. denied, 421 U.S. 962 (1975)).

- 4 -

the related transcripts.  Defendant now complains that the cautionary instruction was both untimely and incomplete, although he offered no objection or alternative at trial.

It is well established that "failure to request a cautionary instruction bars consideration of the issue on appeal."  Berry v. Commonwealth, 22 Va. App. 209, 214, 468 S.E.2d 685, 687-88 (1996) (citations omitted).  "'When a defendant . . . does not request [a cautionary] instruction . . . any error which may have been committed otherwise is waived.'"  Talbert v. Commonwealth, 17 Va. App. 239, 244, 436 S.E.2d 286, 289 (1993) (citations omitted).  Further, Rule 5A:18 bars our consideration of the issue because defendant did not challenge the court's instruction prior to presentation of the tapes and transcripts.

Accordingly, we affirm the convictions.

Affirmed.