COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Clements
Argued by teleconference


STEVEN JOEL WEINSTEIN

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1184-01-2          JUDGE LARRY G. ELDER
                                            JULY 2, 2002
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                      Paul M. Peatross, Jr., Judge

            J. Lloyd Snook, III (Snook & Haughey, P.C.,
            on brief), for appellant.

            Virginia B. Theisen, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


    Steven Joel Weinstein (appellant) appeals from his jury

trial conviction for unauthorized use of an automobile, in

violation of Code § 18.2-102.  On appeal, he contends the trial

court erroneously refused to strike the evidence of unauthorized

use because it did not prove the offense occurred on the date

alleged in the indictment.  He also contends the trial court

erroneously refused to grant a mistrial on the unauthorized use

charge when it granted a mistrial on a charge of grand larceny

by false pretenses, which arose out of the same series of

events.  We hold the trial court's refusal to strike the

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

evidence of unauthorized use was not erroneous because the evidence proved appellant exceeded the scope of the use authorized on the date alleged in the indictment. Further, we hold the trial court's refusal to grant a mistrial on that same charge was not an abuse of discretion. Thus, we affirm.

A.

SUFFICIENCY OF EVIDENCE TO PROVE OFFENSE OCCURRED
ON DATE ALLEGED IN INDICTMENT

In ruling on a defendant's motion to strike the Commonwealth's evidence, a trial court must view that evidence in the light most favorable to the Commonwealth. Cirios v. Commonwealth, 7 Va. App. 292, 298, 373 S.E.2d 164, 166 (1988). If the trier of fact subsequently finds the defendant guilty of the charged offense, we view all the evidence in the light most favorable to the Commonwealth on appeal, as well. Id. at 295, 373 S.E.2d at 165.

Here, the unauthorized use indictment cited Code § 18.2-102 and alleged that "[o]n or about January 28, 2000, in the County of Albemarle, [appellant] did unlawfully and feloniously take, drive or use an automobile valued at $200.00 or more belonging to Charlotte Von Lilienfeld, without her consent, and in her absence, and with the intent to temporarily deprive her [of] possession thereof." The evidence, viewed in the light most favorable to the Commonwealth, established that appellant did,

-

in fact, commit the charged offense on the date alleged in the indictment.

A violation of Code § 18.2-102[1]

> "may be committed by an employee of the owner of a motor vehicle in using the vehicle for his own purposes not connected with the purposes for which the vehicle had been entrusted to him or in using the vehicle contrary to the instructions of the owner." . . . [W]here an act violates the <u>specific scope</u> or duration of consent to use a vehicle, a trespassory taking contemplated by Code § 18.2-102 occurs.

<u>Overstreet v. Commonwealth</u>, 17 Va. App. 234, 238, 435 S.E.2d 906, 909 (1993) (quoting 7A Am. Jur. 2d <u>Automobiles and Highway Traffic</u> § 349 (1980) (footnotes omitted)) (emphasis added).

Here, the evidence, viewed in the light most favorable to the Commonwealth, establishes that appellant exceeded the scope of Von Lilienfeld's authorization to him to drive and possess her car on January 28, 2000. Appellant told Von Lilienfeld he

---

[1] That Code section provides in relevant part as follows:

> Any person who shall take, drive or use any . . . vehicle . . . not his own, without the consent of the owner thereof and in the absence of the owner, and with the intent temporarily to deprive the owner thereof of his possession thereof, without intent to steal the same, shall be guilty of a Class 6 felony [if the value of such vehicle is $200 or more]. The consent of the owner of a[] . . . vehicle . . . to its taking, driving or using shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking, driving or using of such . . . vehicle . . . by the same or a different person.

-

could sell her BMW "quickly" and reported to her on January 27, 2000, that he had found a buyer for the car in New York. Appellant specifically said that "the BMW was sold and that he would be delivering it the next day," January 28, 2000. Based on these representations, Von Lilienfeld relinquished her leased BMW to appellant "[t]o have it sold." As part of that same transaction, appellant obtained from Von Lilienfeld a check for the balance of the lease money Von Lilienfeld and appellant expected she would owe to BMW Financial Corporation after receipt of the sales price, which appellant represented was necessary to "initiate the paperwork . . . to sell the car."

Thus, the evidence established that Von Lilienfeld authorized appellant to possess and drive the BMW on January 28, 2000, solely for the purpose of delivering the BMW to New York for sale. Although appellant saw Von Lilienfeld on the morning of January 28, 2000, in order to obtain a check for the balance owed to BMW which was made out to appellant rather than BMW, appellant gave her no indication at that time that the sale had fallen through or that he would be unable to travel to New York that day as planned. Appellant also gave her no indication he had not delivered the car as planned when, two or three days later, he brought her a blank consignment agreement and bill of sale for her signature. Not until four or five days after January 27, 2000, did Von Lilienfeld learn the sale had not been consummated, and she became aware of this fact only after she

-

spotted the BMW and its distinctive license plate in the parking lot of a local appliance store. When Von Lilienfeld located appellant inside the store and asked him why "[her] car [was] still [in town]," he looked "surprised to see [her]" and claimed he had not "had a chance to get it cleaned up and sent to New York."

Thus, the evidence, viewed in the light most favorable to the Commonwealth, established that on January 28, 2000, appellant was authorized to possess Von Lilienfeld's BMW for the limited purpose of transporting it to New York to sell it. He did not transport the BMW to New York on that date, did not inform Von Lilienfeld of this fact, and still had the BMW in his possession four or five days later. This evidence supports both the trial court's denial of appellant's motion to strike and the jury's conviction of appellant for unauthorized use on the date alleged in the indictment.

B.

DENIAL OF MISTRIAL MOTION FOR UNAUTHORIZED USE CHARGE

Appellant contends the trial court's completion of his trial on the unauthorized use charge after it declared a mistrial on the false pretenses charge was error. We hold the assignment of error is without merit. "When a motion for mistrial is made, based upon an allegedly prejudicial event, the trial court must make an initial factual determination, in the light of all the circumstances of the case, whether the

-

defendant's rights are so 'indelibly prejudiced' as to necessitate a new trial." Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990) (quoting LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983)). Whether to grant a mistrial motion rests in the sound discretion of the trial court. Wright v. Commonwealth, 245 Va. 177, 189, 427 S.E.2d 379, 387 (1993). Here, the event allegedly prejudicial to the unauthorized use prosecution stemmed from claimed shortcomings in the false pretenses indictment which caused the trial court to declare a mistrial on that charge.[2]

Appellant cites Rules 3A:6 and 3A:10 in support of his argument that he was entitled to have the two charges tried together and, thus, that the trial court erred in granting a mistrial on the false pretenses charge while denying a motion on the unauthorized use charge. If the Commonwealth had originally requested that the charges be tried separately, Rules 3A:6 and 3A:10 would have provided appellant with no basis for objecting to separate trials. Rule 3A:6(b) provides that "[t]wo or more offenses . . . based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan" "may be charged in separate counts of an indictment." Rule 3A:6(b) (emphasis added). In

---

[2] This appeal does not present the issue of whether a basis existed for the trial court's declaration of a mistrial on the charge of obtaining money by false pretenses, and we do not consider that issue.

appellant's case, the unauthorized use and false pretenses charges were brought in separate indictments. Rule 3A:10(c) provides that if an accused is charged with more than one offense, "[t]he court may direct that [the] accused be tried at one time for all offenses then pending against him, if justice does not require separate trials and (i) the offenses meet the requirements of Rule 3A:6(b) [permitting joinder of certain offenses in separate counts of the same indictment] or (ii) the accused and the Commonwealth's attorney consent thereto." Rule 3A:10(c) (emphasis added). Thus, although Rule 3A:10(c) permits joinder of offenses for trial under certain circumstances, it does not authorize an accused to demand that he "be tried at one time for all offenses then pending against him."

Appellant had no right to have the charges tried together, and the record on appeal fails to establish prejudice to appellant resulting from the trial court's decision to separate the charges for trial after appellant requested a mistrial on the false pretense charge. Appellant claims the jury likely drew an incorrect inference, based on the absence of instruction or argument on the false pretenses charge, that he pleaded guilty to the false pretenses charge. However, this claim is based on speculation. Further, appellant could have asked that the jury be instructed not to draw such an inference, but nothing in the record establishes that he did so. LeVasseur, 225 Va. at 589, 304 S.E.2d at 657 ("Unless the record shows the

-

contrary, it is to be presumed that the jury followed an explicit cautionary instruction promptly given."); <u>cf.</u> <u>Berry v. Commonwealth</u>, 22 Va. App. 209, 213-14, 468 S.E.2d 685, 687-88 (1996) (holding that where evidence is admissible for limited purpose, trial court has no duty to give limiting or cautionary instruction <u>sua</u> <u>sponte</u> and accused waives right to instruction by not requesting it at trial).  Thus, we hold the trial court did not abuse its discretion in denying appellant's motion for mistrial on the unauthorized use charge.

For these reasons, we hold that the trial court did not abuse its discretion in denying appellant's motion for mistrial on the unauthorized use charge and that the evidence was sufficient to prove appellant committed the offense on the date alleged in the indictment.  Thus, we affirm appellant's conviction for unauthorized use.

<u>Affirmed.</u>