UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Malveaux and Senior Judge Annunziata
Argued at Fredericksburg, Virginia

ANTHONY WAYNE CHACONAS

MEMORANDUM OPINION[*] BY
v.      Record No. 1137-16-4      JUDGE RICHARD Y. ATLEE, JR.
AUGUST 22, 2017

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Thomas S. Rock (The Law Office of Thomas S. Rock, PLLC,
on brief), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

A jury in the Circuit Court of Loudoun County ("trial court") convicted appellant

Anthony Wayne Chaconas of credit card theft, credit card fraud, and identity fraud.  The jury

recommended, and the trial court imposed, five years in prison for each conviction, yielding a

total active sentence of fifteen years.  On appeal, Chaconas argues that the trial court erred in

granting the Commonwealth's pretrial motion *in limine* and admitting evidence of prior crimes

or bad acts.  For the following reasons, we disagree and affirm.

I. BACKGROUND

Chaconas's charges and convictions arose from the theft of a credit card from a purse left

unattended in a parked vehicle.  That credit card was later used at a Best Buy store to purchase a

laptop computer.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Prior to trial, the Commonwealth filed a motion *in limine* seeking the trial court's permission to offer *modus operandi* evidence to prove identity under Virginia Rule of Evidence 2:404(b). The Commonwealth proffered that two witnesses, Angela Shrewsbury and Angela Robertson, would each testify to participating in a scheme wherein Chaconas stole credit cards from purses left in unlocked vehicles and created fake hospital name badges bearing the names of the credit card holders. He then provided nurse's scrubs, the false identification, and the stolen credit card to someone (for the instant offense, Shrewsbury) who used the stolen card to purchase electronics. Chaconas argued that Robertson's testimony would refer to inadmissible prior crimes or bad acts, as she could only testify to participating in this scheme on prior occasions not charged in the indictment. The trial court granted the Commonwealth's motion and ruled the testimony admissible as *modus operandi* evidence relevant to proving the identity of the perpetrator.

At trial, Shrewsbury testified that she participated in the crimes charged in the indictment. She stated that she received a credit card from Chaconas and, at his request, used it to purchase an Apple computer at Best Buy. While making the purchase, she wore nurse's scrubs and an identification badge bearing her picture and the name from the stolen credit card, all provided by Chaconas. Shrewsbury identified herself in a surveillance photograph from the Best Buy store. Chaconas paid Shrewsbury after she gave him the computer.

Robertson testified after Shrewsbury. Prior to Robertson's testimony, the trial court admonished the jury: "You may consider evidence that [Chaconas] committed an offense, other than the offense for which he is on trial, only as evidence of [Chaconas]'s identity, in connection with the offense for which he is on trial, and for no other purpose." The trial court asked the jury: "Can each of you follow that instruction?" and "Is there anyone here who cannot follow it?" The record indicates there was no response to either question.

Robertson then testified that in the weeks before the instant offenses, she drove Chaconas to various locations, such as school athletic field parking lots. She acted as a "lookout" as Chaconas broke into parked vehicles and stole credit cards from purses left in those vehicles. She estimated she did this about five times. Robertson stated Chaconas then made a false hospital identification badge, using a printer and laminator in the vehicle, to match the name on the credit card. Using the recently-stolen card and fake identification, someone then purchased computer equipment. Robertson testified she was present on at least one occasion when Shrewsbury, wearing a nurse's uniform and false identification badge Chaconas provided, participated in this scheme.

## II. ANALYSIS

"Generally, evidence that shows or tends to show that the accused committed other crimes is not admissible for the purpose of proving that the accused committed the crime charged. However, evidence of prior crimes may be admissible if it tends to prove any relevant fact of the offense charged." Berry v. Commonwealth, 22 Va. App. 209, 212, 468 S.E.2d 685, 686-87 (1996) (citation omitted); Va. R. Evid. 2:404(b). "[O]ne of the issues upon which 'other crimes' evidence may be admitted is that of the perpetrator's identity, or criminal agency, where that has been disputed." Spencer v. Commonwealth, 240 Va. 78, 89, 393 S.E.2d 609, 616 (1990). Evidence of similar offenses is admissible under these circumstances when "the other crimes bear 'a singular strong resemblance to the pattern of the offense charged,'" meaning "the other incidents are 'sufficiently idiosyncratic to permit an inference of pattern for purposes of proof,' thus tending to establish the probability of a common perpetrator." Hewston v. Commonwealth, 18 Va. App. 409, 412-13, 444 S.E.2d 267, 269 (1994) (quoting Spencer, 240 Va. at 90, 393 S.E.2d at 616).

Chaconas's theory of innocence was that Shrewsbury lied in order to shift the blame for her own criminal actions onto Chaconas.[1]  As such, Robertson's account of Chaconas's prior crimes or bad acts was relevant insofar as it bore a "a singular strong resemblance" to Shrewsbury's description of the instant offenses and Chaconas's role in them.  Both Shrewsbury and Robertson testified that Chaconas stole the credit cards from purses left in parked vehicles and made false identification badges bearing the names of the owners of the stolen credit cards.  They each testified that Chaconas kept equipment to make the false identification badges in the vehicle.  They both described how Chaconas provided Shrewsbury with nurse's scrubs and a forged hospital identification to purchase a computer using the stolen credit card.  Although Robertson was not present during the crime at issue here, she testified to her, Chaconas's, and Shrewsbury's role in remarkably similar acts (a point Chaconas does not debate) that took place in the weeks before these offenses.  Viewed in the totality, Robertson's testimony concerning Chaconas's prior conduct bore "a singular strong resemblance to the pattern of the offense[s] charged" and was admissible as proof of *modus operandi*.  See Spencer, 240 Va. at 90, 393 S.E.2d at 616.[2]

---

[1] Chaconas argues that "identity" is not at issue here, but rather Shrewsbury's credibility.  However, as our Supreme Court has noted, "identity" can encompass a defendant's criminal agency — whether he in fact committed the offense — which unquestionably is a relevant (if not the most relevant) fact in a criminal case.  See Spencer, 240 Va. at 89, 393 S.E.2d at 616.

[2] At oral argument, Chaconas's counsel primarily argued that Robertson's testimony was more prejudicial than probative.  See Va. R. Evid. 2:403.  Though ordinarily a pertinent inquiry, this argument was not presented on appeal; in fact, Chaconas expressly disclaimed on brief that this was at issue before this Court.  See Appellant's Br. 9.  To the extent Chaconas argues that Robertson's testimony was inadmissible because it improperly bolstered Shrewsbury's testimony, we disagree.  Robertson's testimony instead corroborated Shrewsbury's account of the crime and Chaconas's role in it, see Ward v. Commonwealth, 264 Va. 648, 653, 570 S.E.2d 827, 831 (2002), which was particularly relevant given that the defense strategy entailed undermining Shrewsbury's credibility.

Furthermore, the trial court repeatedly admonished the jury to consider the challenged testimony solely as evidence of Chaconas's identity in connection with the present offenses. We presume the jury followed the trial court's limiting instruction and considered the evidence accordingly. LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983) ("Unless the record shows the contrary, it is to be presumed that the jury followed an explicit cautionary instruction promptly given.").

### III. CONCLUSION

The trial court did not err in granting the Commonwealth's motion *in limine*, permitting Robertson's testimony regarding Chaconas's prior acts. Accordingly, we affirm.

<u>Affirmed.</u>