COURT OF APPEALS OF VIRGINIA

Before: Chief Judge Fitzpatrick, Judges Benton, Elder, Frank, Humphreys, Clements, Felton,
         Kelsey and McClanahan
Argued at Richmond, Virginia

PHILLIP MORRIS WASHINGTON

                                                            OPINION BY
v.      Record No. 1734-03-4                       JUDGE D. ARTHUR KELSEY
                                                            AUGUST 9, 2005

COMMONWEALTH OF VIRGINIA

UPON REHEARING EN BANC

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Ann Hunter Simpson, Judge

        Joseph Taylor Brown (Simmons, Brown & Kane, P.L.C., on brief),
        for appellant.

        Eugene Murphy, Senior Assistant Attorney General (Jerry W.
        Kilgore, Attorney General, on briefs), for appellee.


        Phillip Morris Washington challenges his conviction for malicious wounding "after

having been twice convicted of a violent felony" in violation of Code § 18.2-51 and

§ 19.2-297.1. On appeal, Washington contends that the trial judge erred in permitting the

Commonwealth to prove his two prior robbery convictions during the guilt phase of the

bifurcated trial. Finding no error, we affirm the judgment of the trial court.

I.

        Prior to trial, Washington filed a motion *in limine* to prohibit the prosecutor from

introducing evidence of his two prior robbery convictions during the guilt phase of the trial.

Washington asserted the prior convictions were not "relevant and probative" and would be

"unduly prejudicial" during the guilt phase of the trial. The trial court disagreed, holding that

Code § 19.2-297.1 — like all other Virginia recidivism statutes — permitted the introduction of

the prior convictions during the guilt phase. The jury found Washington guilty of malicious

wounding "after having been twice convicted of a violent felony" in violation of Code § 18.2-51 and § 19.2-297.1.  The jury imposed a life sentence as required by Code § 19.2-297.1.

## II.

On appeal, Washington argues that Code § 19.2-297.1 forbids the introduction of his prior robbery convictions in the guilt phase of his jury trial.  As Washington sees it, Code § 19.2-297.1 serves only as a sentencing enhancement statute — thus making his prior felony convictions relevant in the punishment phase of the trial, but not the guilt phase.  A divided panel of our Court agreed with this reasoning.  Washington v. Commonwealth, 44 Va. App. 157, 604 S.E.2d 92 (2004).  Having considered the matter *en banc*, we hold the statute does not forbid the recidivism evidence from being presented in the guilt phase of a jury trial.

### A.   RECIDIVISM & THE COMMON LAW

Though the common law did not create recidivist crimes as such, it did develop a well-recognized order of proof in such cases.  "At common law, evidence of prior convictions was received at the trial of the principal offense, and the jury decided guilt and recidivism simultaneously."  Recidivism & Virginia's Come-Back Law, 48 Va. L. Rev. 597, 613 (1962).  This "common law procedure for applying recidivist statutes . . . is, of course, the simplest and best known procedure."  Spencer v. Texas, 385 U.S. 554, 566 (1967) (holding common law recidivism procedure did not violate due process principles).[1]

---

[1]  See generally Harold Dubroff, Recidivist Procedures, 40 N.Y.U. L. Rev. 332, 336 (1965) (describing the "common law procedure" as one "in which the issue of guilt for the present offense and the issue of recidivism are determined simultaneously" by the same trier of fact), and David S. Sidikman, The Pleading & Proof of Prior Convictions in Habitual Criminal Prosecutions, 33 N.Y.U. L. Rev. 210, 211 (1958) (recognizing that the "common-law method requires both an allegation of the former conviction in the present indictment or information and proof of that allegation at the trial of the new charge") — both cited in Spencer, 385 U.S. at 566 n.10; see also Louise Danaë Dale, Criminal Law:  Procedure:  Propriety of Jury Consideration of Prior Offenses, 5 UCLA L. Rev. 320, 321 (1958) ("The early English common-law allowed the

As a result, "in the absence of a statute in derogation of the common law, most jurisdictions have refused to deviate from the old practice." Recidivism & Virginia's Come-Back Law, *supra*, at 613-14.[2] "It is not easy to see how, in the absence of some statutory provision permitting it," a defendant can insist that the prior convictions be excluded from the guilt phase of the principal charge. People v. Sickles, 51 N.E. 288, 289 (N.Y. 1898). The common law, moreover, rejected any "legal presumption" that ordering the proof in this manner would compromise the integrity of the trial. Johnson v. People, 55 N.Y. 512, 514 (1874).

Consistent with the common law, the Virginia Penitentiary Act of 1796 allowed recidivism convictions to be admitted during the trial. See 1796 Va. Acts, ch. 2, §§ 24, 42, modified by Revised Code of 1819; see also Tyson v. Hening, 205 Va. 389, 392, 136 S.E.2d 832, 835 (1964). The Act also permitted a separate supplemental proceeding in the Richmond Circuit Court solely to determine a prisoner's recidivism status and to enhance the aggregate punishment accordingly. Id. Admitting the prior conviction at trial, however, met with disfavor in the courts. Some Virginia jurists considered it akin to "trying a man with a rope about his neck." Wright v. Commonwealth, 109 Va. 847, 855, 65 S.E. 19, 22 (1909) (quoting Rand v. Commonwealth, 50 Va. (9 Gratt.) 738, 753 (1852)).

The General Assembly responded in 1918 by amending the Penitentiary Act — then called the Virginia Habitual Criminal Act — to employ the supplemental proceeding in the Richmond Circuit Court as the exclusive means of imposing the recidivism sentencing

---

allegation of former conviction to be included in the indictment and read to the jury." (citing Rex v. Jones, 6 Car. & P. 391, 172 Eng. Rep. 1290 (1834))).

[2] See also State v. Findling, 144 N.W. 142, 143 (Minn. 1913) (following the "general rule" allowing evidence of the prior convictions during the guilt phase of trial); Maguire v. State, 47 Md. 485, 497 (1878) (observing that "the practice in England, until changed by statute, was, as it is here, to allow the prosecution to put the prior conviction before the jury as part of its evidence in chief, and before the accused commenced his evidence" in defense (citing Rex v. Jones, 6 Car. & P. 391, 172 Eng. Rep. 1290 (1834))).

enhancement. Former Code § 5054 (1919). This "non-common law method" of addressing the issue remained the law in Virginia for many years. <u>Recidivism & Virginia's Come-Back Law</u>, *supra*, at 600-01.

In 1982, the General Assembly repealed the Virginia Habitual Criminal Act authorizing the supplemental recidivism proceeding. 1982 Va. Acts, ch. 636 (rescinding Code § 53-296). By that time, the legislature had enacted several crime-specific recidivism statutes.[3] <u>See generally</u> <u>Ansell v. Commonwealth</u>, 219 Va. 759, 762, 250 S.E.2d 760, 762 (1979). And, to a one, each such statute has been interpreted by Virginia courts to allow recidivism evidence to be presented during the guilt phase of trial.[4] <u>See, e.g.</u>, <u>Medici v. Commonwealth</u>, 260 Va. 223, 228-29, 532 S.E.2d 28, 31-32 (2000) (interpreting Code § 18.2-67.5:3(A)).[5]

---

[3] <u>See, e.g.</u>, Code § 18.2-104 (misdemeanor larceny); § 18.2-232 (fraud in sale of fuels or oils); § 18.2-248 (possession with the intent to distribute or distributing controlled substances); § 18.2-270 & -271 (driving while intoxicated); § 18.2-381 (obscenity generally). Since then, the General Assembly has enacted several more: Code § 18.2-46.3:1 (street gang crimes); § 18.2-67.5:1 to -67.5:3 (sexual offenders); § 18.2-144 (maiming, killing or poisoning of animals); § 18.2-246.14 (sale of counterfeit cigarettes); § 18.2-255.2 (sale of drugs near certain properties); § 18.2-258 (drug related common nuisances); § 18.2-311.2 (firearm offenses); § 18.2-369 (abuse/neglect of incapacitated adults); § 18.2-374.1:1 (possession of child pornography); § 18.2-376.1 (using a computer in connection with certain obscenity offenses); § 18.2-515 (racketeering).

[4] <u>See</u> also <u>Griswold v. Commonwealth</u>, 252 Va. 113, 116 & n.2, 472 S.E.2d 789, 790 & n.2 (1996) (overruled on other grounds by <u>Alabama v. Shelton</u>, 535 U.S. 654 (2002)) (stating that "the prior offense must be charged and proven" (quoting <u>Calfee v. Commonwealth</u>, 215 Va. 253, 255, 208 S.E.2d 740, 741 (1974))); <u>Brown v. Commonwealth</u>, 226 Va. 56, 58, 307 S.E.2d 239, 240 (1983); <u>Commonwealth v. Ellett</u>, 174 Va. 403, 409, 413, 4 S.E.2d 762, 764, 766 (1939); <u>Berry v. Commonwealth</u>, 22 Va. App. 209, 213, 468 S.E.2d 685, 687 (1996) (holding the conviction "of a prior like offense is an element of the charge as it was set forth in the indictment, and is also a necessary predicate to an enhanced penalty"); <u>Dotson v. Commonwealth</u>, 18 Va. App. 465, 467-68, 445 S.E.2d 492, 493-94 (1994); <u>Pittman v. Commonwealth</u>, 17 Va. App. 33, 35-36, 434 S.E.2d 694, 695-96 (1993); <u>Farmer v. Commonwealth</u>, 10 Va. App. 175, 179-80, 390 S.E.2d 775, 776-77 (1990), <u>aff'd</u>, 12 Va. App. 337, 404 S.E.2d 371 (1991) (*en banc*); <u>Glover v. Commonwealth</u>, 3 Va. App. 152, 161, 348 S.E.2d 434, 441 (1986), <u>aff'd</u>, 236 Va. 1, 372 S.E.2d 134 (1988).

[5] It is true, as Washington points out, that <u>Medici</u> disclaimed any interest in addressing "policy" judgments about the subject or deciding whether "a prior conviction is an element of the

## B. THE INTERPLAY BETWEEN CODE §§ 19.2-297.1 & 19.2-295.1

In Virginia, the "Legislature is presumed to have known and to have had the common law in mind in the enactment of a statute. The statute must therefore be read along with the provisions of the common law, and the latter will be read into the statute unless it clearly appears from express language or by necessary implication that the purpose of the statute was to change the common law." Moses v. Commonwealth, 45 Va. App. 357, 361 n.2, 611 S.E.2d 607, 609 n.2 (2005) (*en banc*) (quoting Wicks v. Charlottesville, 215 Va. 274, 276, 208 S.E.2d 752, 755 (1974)). Along similar lines, we "assume legislative familiarity with Virginia case law when the legislature enacts a statute which might impact upon that law." Dodson v. Potomac Mack Sales & Serv., Inc., 241 Va. 89, 94, 400 S.E.2d 178, 180 (1991); see also Waterman v. Halverson, 261 Va. 203, 207, 540 S.E.2d 867, 869 (2001) ("The General Assembly is presumed to be aware of the decisions of this Court when enacting legislation.").

Seeking a construction consistent with common law practice and our caselaw, we turn to Code § 19.2-297.1. Enacted in 1994, subsection A of the statute addresses recidivism involving crimes of violence:

> Any person convicted of two or more separate acts of violence
> when such offenses were not part of a common act, transaction or
> scheme, and who has been at liberty as defined in § 53.1-151
> between each conviction, shall, upon conviction of a third or
> subsequent act of violence, be sentenced to life imprisonment and
> shall not have all or any portion of the sentence suspended,
> provided it is admitted, or found by the jury or judge before whom
> he is tried, that he has been previously convicted of two or more
> such acts of violence.

---

offense charged." Id. at 229, 532 S.E.2d at 32. But we do not think these caveats mean that Medici left open the question whether prior convictions could be introduced in the guilt phase. If the statute *forbids* this, as Washington claims, there would have been no logical reason for Medici to declare constitutional the statute's effort to authorize it. In other words, we think it too unlikely to be true that Medici intended to declare a statute — albeit wrongly interpreted by the challenger on the very point in contest — to be constitutional when the correct interpretation of the statute would moot the constitutional challenge altogether.

The General Assembly coupled this recidivism statute with the jury bifurcation statute, Code § 19.2-295.1, enacting both in the same bill.  See 1994 Va. Acts, ch. 828 (S.B. 117).

The jury bifurcation statute requires a "separate proceeding limited to the ascertainment of punishment" before the same jury deciding the defendant's guilt.  Code § 19.2-295.1.  It authorizes the prosecution to introduce into evidence only the defendant's "prior criminal convictions by certified, attested or exemplified copies of the record of conviction."  Id.  Rule 3A:17.1(e)(1) repeats this limitation.  If the defense does not put on evidence, the prosecution cannot go any further than introducing the conviction orders.[6]  Only when the defense puts on mitigation evidence may the prosecution then rebut it with any "relevant, admissible evidence related to punishment."  Code § 19.2-295.1.

Conspicuously absent from the jury bifurcation statute and Rule 3A:17.1 is any authority for the prosecution to present substantive evidence (through witnesses and exhibits) showing how the prior convictions were not part of a "common act, transaction or scheme" or whether the defendant was "at liberty" between each such conviction — two matters on which the prosecution bears the burden of proof under Code § 19.2-297.1(A).  If the defendant does not concede these two points, neither can be invariably assumed from the conviction orders themselves.  Final conviction and sentencing orders say nothing about the underlying crime's relationship to other crimes.  Nor do such orders, particularly those entered before the abolition of parole, identify the actual period of incarceration.

---

[6] See generally Jaccard v. Commonwealth, 268 Va. 56, 597 S.E.2d 30 (2004) (holding that Code § 19.2-295.1 authorizes the admission of conviction orders, but by omission, does not authorize the admission of probation violation orders); Sheikh v. Buckingham Corr. Ctr., 264 Va. 558, 566, 570 S.E.2d 785, 789 (2002) (holding that the defendant's "decision not to present evidence during the sentencing phase precluded the prosecutor from introducing any evidence other than a record of [defendant's] prior offenses").

While not saying as much, Washington appears to assume the evidentiary limitation in the jury bifurcation statute was a mere legislative oversight. The bifurcation statute, he reasons, should allow in the penalty phase any evidence required by any recidivism statute — not just copies of the prior conviction orders. The only way to sustain that position, however, would be to "judicially graft" an unwritten provision into the statute, Cent. Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App. 264, 280, 590 S.E.2d 631, 640 (2004), under the subtle "guise of judicial interpretation," Holly Hill Farm Corp. v. Rowe, 241 Va. 425, 431, 404 S.E.2d 48, 51 (1991). It may or may not be better public policy to structure recidivism proof differently. When interpreting statutes, however, such judgments are not ours to make. Cf. McBoyle v. United States, 283 U.S. 25, 27 (1931) (observing that judicial statutory construction cannot proceed "upon the speculation that, if the legislature had thought of it, very likely broader words would have been used").

That said, we accept some potential for prejudice likely accompanies the common law order of proof. It is for just this reason that we give cautionary instructions directing jurors to consider the admissible, but not inadmissible, aspects of recidivism evidence. Washington finds this remedy both naïve and illusory. If it is, though, the same can be said of Washington's proposed remedy. The violent recidivist statute requires the jury to determine three things:

- whether at least two prior violent felony convictions exist,

- whether any were part of "a common act, transaction or scheme," and

- whether the defendant was "at liberty" between each such conviction.

Code § 19.2-297.1(A). If the jury finds against the defendant on all three, he receives a mandatory life sentence — a punishment far in excess of the average term of years for the principal crime.

If forced to decide the recidivism questions during the penalty phase of a bifurcated trial, the jurors would have to do so at the same time as receiving evidence of *every other* criminal conviction the defendant ever received. And if the defendant puts on mitigation evidence suggesting his good character and capacity at self-reformation, the jurors would also likely hear from the prosecution on rebuttal all about his bad character and the demonstrably poor odds of his rehabilitation.

To ensure that jurors do not invoke the violent recidivist statute as an emotional response to the defendant's non-violent criminal past or his propensity generally for crime, we would necessarily have to give them a cautionary instruction — the very thing Washington says we cannot rely upon. To be sure, the only way to completely avoid the possibility of prejudice would be to trifurcate the case between a guilt phase addressing the principal crime, followed by a guilt phase dealing with Code § 19.2-297.1(A)'s recidivism evidence, later followed by a general sentencing hearing for everything else properly admitted under Code § 19.2-295.1 on the general subject of punishment. While a trial judge may have the discretion to segment a criminal trial in this manner, we know of no authority requiring him to do so.[7]

---

[7] We also reject Washington's argument that the particular placement of Code § 19.2-297.1 in Chapter 18 of Title 19.2 (entitled "Sentence; Judgment; Execution of Sentence") implies that the recidivism statute should be considered purely a tool of sentencing. In Brown v. Commonwealth, 226 Va. 56, 307 S.E.2d 239 (1983), the Court addressed former Code § 19.2-297, a recidivism statute creating a compound larceny offense. It too was codified in Chapter 18 of Title 19.2. Brown nonetheless held the recidivism evidence should be admitted during the guilt phase of the trial. Id. at 58-59, 307 S.E.2d at 240-41. The statute's particular placement in the Code appeared to have no legal relevance to the reasoning of Brown. We can hardly hold it has dispositive relevance here. As a general rule, "the title of a statute does not give meaning to a statute." Foster v. Commonwealth, 44 Va. App. 574, 580, 606 S.E.2d 518, 521 (2004) (citing Code § 1-13.9). All the more, we cannot extrapolate a statute's meaning from the title of a Code chapter.

III.

Consistent with common law practice and settled Virginia caselaw, we hold that the recidivism evidence necessary to implicate the terms of Code § 19.2-297.1 may be admitted during the guilt phase of a bifurcated jury trial.[8]  The trial court, therefore, did not err in this case by structuring the order of proof in this manner.

<u>Affirmed.</u>

---

[8] Because Code § 19.2-297.1(A) allows recidivism evidence to be admitted during the guilt phase, we do not address whether admitting such evidence in the sentencing phase would implicate the constitutional concerns raised by the concurrence.

Humphreys, J., concurring.

I agree that Code § 19.2-297.1 should be construed as permitting the introduction of a defendant's relevant prior felony convictions during the guilt phase of a bifurcated trial. Unlike the majority, however, I believe that the common law provides minimal guidance in this area beyond a historical starting point. Thus, I write separately to clarify the relevant principles of statutory construction that I believe control the outcome of this case.

## I. The Plain Language of Code § 19.2-297.1

As an initial matter, we must consider the plain language of the statute, for "'[w]here the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.'" Barr v. Town & Country Props., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)). That is, "[w]e must . . . assume that the legislature chose, with care, the words it used when it enacted the . . . statute, and we are bound by those words as we interpret the statute." Id.

Code § 19.2-297.1, the so-called "three-strikes" statute, provides as follows:

> Any person convicted of [1] two or more separate acts of violence [2] when such offenses were not part of a common act, transaction, or scheme, and [3] who has been at liberty as defined in § 53.1-151 between each conviction, shall, upon conviction of a third or subsequent act of violence, be sentenced to life imprisonment and shall not have all or any portion of his sentence suspended, *provided it is admitted, or found by the jury or the judge before whom he is tried, that he has been previously convicted of two or more such acts of violence*.

(Emphasis added). By the express terms of the statute, the jury (or other finder of fact) must therefore make three specific findings before the statute is implicated. Specifically, the jury must find: (1) the defendant has at least two prior violent felony convictions, (2) the prior felonies

- 10 -

were not part of a common act, transaction, or scheme, and (3) the defendant was at liberty between each of the felonies.  See id.

However, the plain language of the statute is silent as to whether these three facts should be "found" during the guilt phase or during the sentencing phase of the trial.  Thus, we must consider other settled principles of statutory construction to determine whether Code § 19.2-297.1 permits the introduction of evidence relating to the defendant's prior felony convictions during the guilt phase of a bifurcated trial.  See Va. Dep't of Labor & Indus. v. Westmoreland Coal Co., 233 Va. 97, 101, 353 S.E.2d 758, 762 (1987) (noting that, where a statute "is susceptible to more than one meaning," the court "must resort to extrinsic evidence and the rules of construction to determine legislative intent, 'the paramount object of statutory construction'" (quoting Vollin v. Arlington Co. Electoral Bd., 216 Va. 674, 678-79, 222 S.E.2d 793, 797 (1976))).  In doing so, we must be cognizant that there is no hierarchy among rules of statutory construction.  Rather, considering *all* relevant and applicable principles of statutory construction, we should select that interpretation which, overall, best comports with legislative intent.

## II.  The "Common Law"

As noted in the majority opinion, a statute codifying common law principles should generally be interpreted in a manner "'most near to the reason of the common law.'"  Moses v. Commonwealth, 45 Va. App. 357, 361 n.2, 611 S.E.2d 607, 609 n.2 (2005) (*en banc*) (quoting Chichester v. Vass, 5 Va. (1 Call) 83, 102 (1797)).  As the majority further notes, a statute that codifies the common law "'must therefore be read along with the provisions of the common law, and the latter will be read into the statute unless it clearly appears from express language or by necessary implication that the purpose of the statute was to change the common law.'"  Id. (quoting Wicks v. Charlottesville, 215 Va. 274, 276, 208 S.E.2d 752, 755 (1974)).

- 11 -

In my view, however, Code § 19.2-297.1 does not "codify[] common law principles." As the majority opinion sets forth, recidivist statutes have long been in existence in Virginia and elsewhere. However, the common law—as opposed to *statutory* law—did not authorize the imposition of heightened sentences for recidivists. Nor did any of the recognized common law crimes (*e.g.*, rape, robbery, arson, murder, burglary) require—or even allow—proof that the defendant was a recidivist. Code § 19.2-297.1 cannot be said to codify a common law rule that does not exist. See De Gesualdo v. People, 364 P.2d 374, 378 (Or. 1961) ("The philosophical approach to the habitual criminal statute has always been that it is in derogation of the common law and must therefore be strictly construed."); State ex rel. Ringer v. Boles, 157 S.E.2d 554, 558 (W. Va. 1967) ("Habitual criminal proceedings providing for enhanced or additional punishment on proof of one or more prior convictions are wholly statutory. . . . Being in derogation of the common law, such statutes are generally held to require a strict construction in favor of the prisoner.").[9]

Because Code § 19.2-297.1 does not seek to codify a recognized common law principle, the concept that a statute codifying the common law "'must [] be read along with the provisions of the common law,'" Moses, 45 Va. App. at 361 n.2, 611 S.E.2d at 609 n.2 (citation omitted), is inapplicable. Thus, to the extent that the majority relies solely on what it calls the "common

---

[9] Allowing the prosecution to present allegations and proof of past convictions during a single trial, as opposed to during a second and subsequent proceeding, is sometimes referred to as the "common-law procedure" for implementing a recidivist statute. See Spencer v. Texas, 385 U.S. 554, 565 (1967). Even if we were to accept that this procedure has somehow been elevated to common law status, it is of little help in resolving the issue presented in this appeal. That is, the so-called "common law" procedure allows recidivism to be decided during the same trial as the present, underlying charge. The "non-common-law" procedure, once codified in Virginia, requires recidivism to be decided during a separate, subsequent trial. Neither procedure speaks to whether recidivism may be decided during a separate phase of a single, bifurcated trial.

law," I believe the majority is oversimplifying the rather complex issue of statutory construction presented in this case.[10]

### III.  Judicial Interpretation of Other Recidivist Statutes

In Berry v. Commonwealth, 22 Va. App. 209, 468 S.E.2d 685 (1996), this Court held that,

> [a]lthough . . . evidence of other crimes is inadmissible if relevant only to show a probability of guilt or a propensity for criminal conduct, evidence of other crimes "is properly received if it is relevant and probative of an element on trial, such as an element of the offense charged or the required predicate for enhanced punishment."

Id. at 213, 468 S.E.2d at 687 (quoting Pittman v. Commonwealth, 17 Va. App. 33, 35, 434 S.E.2d 694, 695 (1993)).  Accordingly, under Berry, proof of a prior conviction is admissible during the guilt phase of a bifurcated trial if it is either:  (1) an element of the offense charged, or (2) a required predicate for enhanced punishment.

It is well established that, if a defendant is charged with violating a recidivist statute, proof of the defendant's prior felony convictions is admissible as a "required predicate for enhanced punishment."  Id. (holding that the trial court did not err in allowing evidence of a "prior conviction for a like offense . . . during the guilt phase of the trial," reasoning that the evidence was admissible because, *inter alia*, it was a "necessary predicate to an enhanced penalty"); see also Harris v. Commonwealth, 26 Va. App. 794, 803, 497 S.E.2d 165, 169 (1998) ("A prior conviction is used for 'sentence enhancement' when it is admitted . . . during trial to

---

[10] Of course, this does not mean that the many cases construing Virginia's other recidivist statutes are entirely inapplicable.  The General Assembly may certainly be said to have been aware of the construction and effect given to prior recidivist statutes when it enacted Code § 19.2-271.1.  To that end, those cases are relevant—though not dispositive—when delving into the issue of legislative intent.  See Part III, infra.

- 13 -

convict a defendant of violating a 'recidivist statute,' i.e., a statute that criminalizes the commission of a successive violation of a particular offense[.]").

Moreover, this Court and the Virginia Supreme Court have consistently held that, for a defendant to be convicted under a recidivist statute, the prior convictions must be charged in the indictment and proved to the jury. See, e.g., Farmer v. Commonwealth, 10 Va. App. 175, 180, 390 S.E.2d 775, 777 (1990) ("For the heavier punishment to be imposed by the jury or the court trying the case without a jury, the prior offense must be charged and proven." (internal quotations omitted)); see also Brown v. Commonwealth, 226 Va. 56, 58-59, 307 S.E.2d 239, 240 (1983) ("[T]o make the accused subject, under a repeating-offender statute, to a heavier penalty . . . the previous conviction must be alleged in the indictment . . . ."); Calfee v. Commonwealth, 215 Va. 253, 255, 208 S.E.2d 740, 741 (1974); Commonwealth v. Ellett, 174 Va. 403, 409, 4 S.E.2d 762, 754 (1939). Because the prior convictions necessary to sustain a conviction under a recidivist statute must be charged in the indictment, we have therefore held that proof of the prior conviction is admissible during the guilt phase of the trial because it is an element of the "aggravated" recidivist offense. See Berry, 22 Va. App. at 213, 468 S.E.2d at 687 (holding that evidence of prior convictions was admissible, reasoning that, *inter alia*, "[c]onviction of a prior like offense is an element of the charge as it was set forth in the indictment . . ."); see also Pittman, 17 Va. App. at 35-36, 434 S.E.2d at 695 (holding that the trial court did not err in admitting proof of six prior convictions, reasoning that, "[t]o prove the charge set forth in the indictment, the Commonwealth was obligated to prove that [the defendant] was guilty of a third or subsequent offense"); Farmer, 10 Va. App. at 179, 390 S.E.2d at 776 (holding that proof of a prior conviction is "necessary to prove the substantive offense of driving under the influence as a third or subsequent offense and, therefore, is admissible during the guilt stage of a bifurcated trial").

Thus, according to earlier judicial interpretations of similar recidivist statutes, proof of a defendant's prior like convictions is admissible during the guilt phase of the trial because it is both a required predicate for enhanced punishment and an element of the offense charged. See, e.g., Berry, 22 Va. App. at 213, 468 S.E.2d at 687. This rule was established well before the 1994 enactment of both Code § 19.2-297.1 and the bifurcation statute, Code § 19.2-295.1. See, e.g., Brown, 226 Va. at 58, 307 S.E.2d at 240 (decided in 1983); Pittman, 17 Va. App. at 35-36, 434 S.E.2d at 695 (decided in 1993); Farmer, 10 Va. App. at 179, 390 S.E.2d at 776 (decided in 1990). Because the General Assembly may be presumed to have knowledge of the judicial interpretation of other, similar statutes, it can be inferred that, had the General Assembly wished to alter existing law, it would have so provided. See Waterman v. Halverson, 261 Va. 203, 207, 540 S.E.2d 867, 869 (2001) ("The General Assembly is presumed to be aware of the decisions of this Court when enacting legislation." (citing Dodson v. Potomac Mack Sales & Serv., Inc., 241 Va. 89, 94, 400 S.E.2d 178, 180 (1991))); cf. Tazewell County Sch. Bd. v. Brown, 267 Va. 150, 163, 591 S.E.2d 671, 677 (2004) ("We have repeatedly held that the General Assembly is presumed to have knowledge of the . . . interpretation of statutes, and the General Assembly's failure to make corrective amendments evinces legislative acquiescence in [that interpretation]." (internal quotations omitted)).

## IV. Constitutional Considerations

Also, "where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." United States v. Delaware & Hudson Co., 213 U.S. 366, 408 (1909); see also Va. Soc'y for Human Life v. Caldwell, 256 Va. 151, 157, 500 S.E.2d 814, 816 (1998) ("'[A] statute will be construed in such a manner as to avoid a constitutional question wherever this is possible.'" (quoting Eaton v. Davis, 176 Va. 330, 339, 10 S.E.2d 893, 897 (1940))). Here,

adopting the construction of the three-strikes statute urged by the defendant would raise "grave and doubtful constitutional questions" about the continuing viability of the three-strikes scheme.

The United States Supreme Court has recently re-affirmed the fundamental constitutional principle that: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 125 S. Ct. 738, 756 (2005); see also Blakely v. Washington, 124 S. Ct. 2531, 2536 (2004); Ring v. Arizona, 536 U.S. 584, 589 (2002); Apprendi v. New Jersey, 530 U.S. 466, 491 (2000); Jones v. United States, 526 U.S. 227, 243 (1999).[11] This rule is grounded in the premise that "the Constitution protects every criminal defendant 'against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime of which he is charged.'" Booker, 125 S. Ct. at 748 (quoting In re Winship, 397 U.S. 358, 364 (1970)); see also United State v. Gaudin, 515 U.S. 506, 511 (1995) (noting that the "Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged").

However, the Supreme Court has expressly rejected a rule that would require "elements of the offense" to be proven to a jury beyond a reasonable doubt, while exempting "sentencing factors" from the same requirement. See Ring, 536 U.S. at 604-05 ("Apprendi repeatedly

---

[11] If proof of the fact would not enhance the sentence beyond the statutory maximum, then that fact need not be proven to the jury beyond a reasonable doubt. See Booker, 125 S. Ct. at 750 ("[W]hen a trial judge exercises his discretion to select a specific sentence *within* a defined range, the defendant has no right to a jury determination of the facts that that judge deems relevant." (emphasis added)); Apprendi, 530 U.S. at 481 ("[N]othing . . . suggests that it is impermissible for judges to exercise discretion . . . in imposing a judgment *within the range* prescribed by statute." (emphasis in original)); see also McMillan v. Pennsylvania, 477 U.S. 79, 84 (1986) (rejecting argument "that whenever a State links the 'severity of punishment' to 'the presence or absence of an identified fact' the State must prove that fact beyond a reasonable doubt" (citing Patterson v. New York, 432 U.S. 197, 214 (1977)).

instructs . . . that the characterization of a fact or circumstance as an 'element' or a 'sentencing factor' is not determinative . . . ."). Rather, "[i]f a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt." Id. at 602 (citing Apprendi, 530 U.S. at 482-83). Thus, "[t]he dispositive question . . .'is not one of form, but of effect.'" Id. (quoting Apprendi, 530 U.S. at 494); see also Booker, 125 S. Ct. at 748 ("[T]he characterization of critical facts is constitutionally irrelevant."); Ring, 536 U.S. at 610 (Scalia, J., concurring) ("[T]he fundamental meaning of the jury-trial guarantee of the Sixth Amendment is that all facts essential to imposition of the level of punishment that the defendant receives—whether the statute calls them elements of the offense, sentencing factors, or Mary Jane—must be found by the jury beyond a reasonable doubt."); Apprendi, 530 U.S. at 476 ("Merely using the label 'sentence enhancement' . . . surely does not provide a principled basis for treating [those facts] differently.").

The Virginia "three-strikes" statute requires proof of: (1) two prior convictions; (2) that were not part of a common act, transaction, or scheme; (3) that were committed while the defendant was "at liberty." Unquestionably, these are "facts" that, if proven, may "increase[] the penalty for a crime beyond the prescribed statutory maximum . . . ." Apprendi, 530 U.S. at 491; see also Blakely, 124 S. Ct. at 2537 ("[T]he 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." (emphasis in original)). Accordingly, with the exception of the fact of the prior convictions, these elements must be proven to the jury beyond a reasonable doubt.[12]

---

[12] The "other than a prior conviction" language from Apprendi has its roots in Almendarez-Torres v. United States, 523 U.S. 224 (1998), a case in which the Supreme Court held that the fact of a prior conviction may be found by a judge, using a preponderance of the

However, as the majority notes, there is no standard of proof during a sentencing proceeding. Nor does the jury make any express findings of fact prior to selecting a sentence from the available range of punishment. Accordingly, if this Court were to hold that proof of prior convictions—and, of necessity, proof that the prior convictions were not part of a common act and were committed while the defendant was at liberty—is inadmissible during the guilt phase of a trial, we would effectively be depriving the defendant of his constitutional right to have these elements proven to a jury beyond a reasonable doubt. See Estes v. Texas, 381 U.S. 532, 543 (1965) ("Every procedure which would offer a possible temptation to the average man . . . to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law." (internal quotations omitted)).

Thus, where a defendant is charged with violating the three-strikes statute, disallowing proof of the defendant's prior convictions during the guilt phase of the trial would give rise to "grave and doubtful constitutional questions." Delaware & Hudson Co., 213 U.S. at 408. To avoid implicating these constitutional issues, the three-strikes statute should be construed as allowing introduction of evidence relating to a defendant's prior convictions during the guilt phase of the trial. See id.; see also Bd. of Supervisors v. Telecomm. Indus., Inc., 246 Va. 472, 478, 436 S.E.2d 442, 445 (1992) ("Statutory constructions that make a statute unconstitutional should be avoided." (citing Jeffress v. Stith, 241 Va. 313, 317, 402 S.E.2d 14, 16 (1991))).

## V.  Conclusion

Code § 19.2-297.1 does not expressly delineate the phase of trial during which evidence relating to the defendant's prior convictions should be admitted. However, where a defendant is

---

evidence standard, even if the fact of the prior conviction increases the statutory maximum. In Apprendi, the majority described Almendarez-Torres as "representing at best an exceptional departure from the historic practice that we have described." Apprendi, 530 U.S. at 487.

charged with violating a recidivist statute, this Court and the Virginia Supreme Court have consistently required those prior convictions to be charged in the indictment and have permitted introduction of the prior convictions during the guilt phase of a bifurcated trial. Moreover, construing the statute so as to disallow introduction of prior convictions during the guilt phase of trial might lead to unintended constitutional results. Accordingly, I agree that the trial court did not err in admitting, with a cautionary instruction, Washington's prior convictions during the guilt phase of his trial, and I therefore concur in the result reached by the majority.

Benton, J., with whom Fitzpatrick, C.J., joins, dissenting.

Code § 18.2-51 provides that "if any person maliciously wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony." In pertinent part, Code § 19.2-297.1 provides as follows:

> A. Any person convicted of two or more separate acts of violence when such offenses were not part of a common act, transaction or scheme . . . shall, upon conviction of a third or subsequent act of violence, be sentenced to life imprisonment and shall not have any portion of the sentence suspended, provided it is admitted, or found by the jury or judge before whom he is tried, that he has been previously convicted of two or more such acts of violence.

> \*   \*   \*   \*   \*   \*   \*

> B. Prior convictions shall include convictions under the laws of any state or of the United States for any offense substantially similar to those listed under "act of violence" if such offense would be a felony if committed in the Commonwealth.

> The Commonwealth shall notify the defendant in writing, at least thirty days prior to trial, of its intention to seek punishment pursuant to this section.

This appeal concerns the meaning and applications of these statutes, not the common law. In applying these statutes, we are guided by well established principles.

> Under basic rules of statutory construction, we determine the General Assembly's intent from the words contained in the statute. When the language of a statute is plain and unambiguous, courts are bound by the plain meaning of that language. Thus, when a statute's language is unambiguous, courts cannot give that language a construction that amounts to holding that the General Assembly did not mean what it actually has stated.

Volkswagen of America v. Smit, 266 Va. 444, 452, 587 S.E.2d 526, 531 (2003) (citations omitted). See also Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001) (holding that when a statute has words of a plain import courts cannot construe them in a way that varies the plain meaning of the language). In other words, courts are bound by the plain

- 20 -

meaning of clear, unambiguous statutory language.  Pope v. Commonwealth, 19 Va. App. 130, 132, 449 S.E.2d 269, 270 (1994).

Nothing in Code § 18.2-51, the statute proscribing malicious wounding, provides that the occurrence of prior, separate acts of violence are elements of the offense of malicious wounding. Likewise, Code § 19.2-297.1, the statute that defines the effect of prior, separate acts of violence, does not provide that these acts are elements of the offense proscribed by Code § 18.2-51.  By its plain meaning, Code § 19.2-297.1 unambiguously applies during punishment only after the defendant has been convicted of a substantive offense.  It expressly applies only "upon *conviction* of a third or subsequent act of violence," and it provides that the convicted person "shall . . . be *sentenced* to life imprisonment" upon the terms of the statute.  Code § 19.2-297.1 (emphasis added).  Significantly, Code § 19.2-297.1 also provides that the prosecutor must "notify the defendant in writing, at least thirty days prior to trial, of its intention to seek *punishment* pursuant to this section."  (Emphasis added).

In short, Code § 19.2-297.1 unambiguously relates to the punishment to be imposed upon conviction.  Reinforcing its clear, unambiguous language, the legislature enacted Code § 19.2-297.1 in Title 19.2, Chapter 18, of the Code of Virginia under the heading "Sentence; Judgment; Execution of Sentence."  It is the only penalty enhancing statute in that chapter. Equally significant is the placement of this statute in the same title of the Code of Virginia as Code § 19.2-295.1, which provides for the bifurcation of trials in which evidence of prior criminal convictions is admitted during the punishment phase.[13]

---

[13] In pertinent part, Code § 19.2-295.1 provides as follows:

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony . . . a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury.  At such proceeding, the Commonwealth shall present the defendant's prior criminal convictions by

Looking to the common law, the majority concludes that recidivism evidence has traditionally been presented during the guilt phase of trial. Even if that be true, it bears repeating that the issue before us concerns a *statute* that expressly applies only "upon *conviction* of a third offense or subsequent act of violence" and provides that the convicted person "shall . . . be *sentenced* to life imprisonment" upon the terms of the statute. Code § 19.2-297.1. The very language of Code § 19.2-297.1 is explicit evidence that the legislature did not intend to codify the common law principles that the majority relies upon.

The common law is further rendered irrelevant to this issue because a *statute*, Code § 19.2-295.1, provides for the bifurcation of trials in Virginia and requires evidence of prior criminal convictions be admitted during the punishment or sentencing phase. Read together, Code § 19.2-297.1 and Code § 19.2-295.1 manifest the conclusion that the legislature intended that prior convictions be proved only during the punishment phase when the purpose is to establish a sentencing factor. Reading together statutes that relate to the same subject matter has not heretofore been deemed a "judicial graft," but rather application of well-settled principles of statutory construction. The Supreme Court discussed these principles in depth almost fifty years ago:

> The general rule is that statutes may be considered as *in pari materia* when they relate to the same person or thing, the same class of persons or things or to the same subject or to closely connected subjects or objects. Statutes which have the same general or common purpose or are parts of the same general plan are also ordinarily considered as *in pari materia*. 50 Am. Jur., Statutes, § 350, p. 347.

---

certified, attested or exemplified copies of the record of conviction, including adult convictions and juvenile convictions and adjudications of delinquency. Prior convictions shall include convictions and adjudications of delinquency under the laws of any state, the District of Columbia, the United States or its territories.

In 50 Am. Jur., Statutes, § 349, pp. 345, 346, 347, it is said:

"Under the rule of statutory construction of statutes in pari materia, statutes are not to be considered as isolated fragments of law, but as a whole, or as parts of a great connected, homogeneous system, or a single and complete statutory arrangement. Such statutes are considered as if they constituted but one act, so that sections of one act may be considered as though they were parts of the other act, as far as this can reasonably be done. Indeed, as a general rule, where legislation dealing with a particular subject consists of a system of related general provisions indicative of a settled policy, new enactments of a fragmentary nature on that subject are to be taken as intended to fit into the existing system and to be carried into effect conformably to it, and they should be so construed as to harmonize the general tenor or purport of the system and make the scheme consistent in all its parts and uniform in its operation, unless a different purpose is shown plainly or with irresistible clearness. It will be assumed or presumed, in the absence of words specifically indicating the contrary, that the legislature did not intend to innovate on, unsettle, disregard, alter or violate a general statute or system of statutory provisions the entire subject matter of which is not directly or necessarily involved in the act." See also 17 M.J., Statutes, § 40, p. 293, 82 C.J.S., Statutes, § 365, p. 799.

The author of Sutherland Statutory Construction, 3rd Ed., In Pari Materia and Adopted Statutes, Vol. 2, § 5201, p. 529 has this to say: "Provisions in an act which are omitted in another act relating to the same subject matter will be applied in a proceeding under the other act, when not inconsistent with its purposes."

In <u>Mitchell v. Witt</u>, 98 Va. 459, 461, 36 S.E. 528, the court stated:

"Statutes which are not inconsistent with one another, and which relate to the same subject matter, are *in pari materia*, and should be construed together; and effect should be given to them all, although they contain no reference to one another, and were passed at different times. Especially should effect be given, if possible, to statutes *in pari materia* enacted at the same session of the Legislature." This principle was quoted with approval in <u>Commonwealth v. Sanderson</u>, 170 Va. 33, 39, 195 S.E. 516. <u>Cf. Wilson v. State</u>, 117 Tex. Crim. Rep. 63, 36 S.W.2d 733.

In <u>Seaboard Finance Corporation v. Commonwealth</u>, 185 Va. 280, 286, 38 S.E.2d 770, we said:

> "It is a cardinal rule of construction that statutes dealing with a specific subject must be construed together in order to arrive at the object sought to be accomplished."

Prillaman v. Commonwealth, 199 Va. 401, 405-06, 100 S.E.2d 4, 7-8 (1957). Accord Lucy v. County of Albemarle, 258 Va. 118, 129-30, 516 S.E.2d 480, 485 (1999).

As the majority opinion notes, the General Assembly enacted Code § 19.2-295.1 and Code § 19.2-297.1 in the same bill. We can presume, therefore, that the General Assembly intended that the statutes were to be understood as "imbued with the same spirit and actuated by the same policy." Lilliard v. Fairfax Airport Authority, 208 Va. 8, 13, 155 S.E.2d 338, 342 (1967). Indeed, the principle is long standing "that where two statutes are passed by the same session of the legislature, as was the case here, that fact furnishes strong evidence that they were intended to stand together." South Norfolk v. Norfolk, 190 Va. 591, 602, 58 S.E.2d 32, 37 (1950). This principle is to be followed even if the statutes "contain no reference to one another." Prillaman, 199 Va. at 406, 100 S.E.2d at 7.

Simply put, both statutes are concerned with proof of prior convictions that are to be used as a sentencing factor. Code § 19.2-295.1 requires "a separate proceeding limited to the ascertainment of punishment" after a finding of guilt. Code § 19.2-297.1 specifies punishment for a "person *convicted* of two or more separate acts of violence." The suggestion that the General Assembly did not intend these two statutes to stand together does not stand close analysis and certainly finds no foundation in the common law.[14] Indeed, read together, the

---

[14] As Judge Humphreys aptly notes in Part II of his concurring opinion, Code § 19.2-297.1 is an habitual criminal punishment statute that is in derogation of the common law and must be strictly construed in favor of the accused. When we strictly construe penal statutes, we must give "the accused . . . the benefit of any reasonable doubt about the construction of [the] statute," Martin v. Commonwealth, 224 Va. 298, 300-01, 295 S.E.2d 890, 892 (1982), and we "must . . . presume[] that the [General Assembly] acted with full knowledge of the strict interpretation that must be placed upon a statute of this nature," Hannabass v. Ryan, 164 Va. 519, 525, 180 S.E. 416, 418 (1935).

statutes plainly manifest a codification of procedures in derogation of any common law "order of proof" that may have existed. The statutes contain no conflicting language; they can be and should be reconciled and construed together. Simply put, the principles relevant to this appeal are to be found in our current scheme of jurisprudence.

Unlike the majority opinion, the Commonwealth does not rely upon the common law but, instead, contends that the phrase "found by the jury," which is contained in Code § 19.2-297.1, implies that the fact finder must make a finding that the defendant has twice before been convicted of violent offenses prescribed by the statute. I agree with this assertion, as far as it goes. The statutory language, however, does not require that the prior conviction evidence be admitted during the guilt phase of trial. Rather, it expressly provides that "*upon conviction* of a third or subsequent act of violence" that person shall be sentenced to life imprisonment, "provided it is admitted, or found by the jury or judge before whom [the defendant] is tried, that he has been previously convicted of two or more . . . acts of violence." Code § 19.2-297.1 (emphasis added). This statute merely requires the prosecutor to prove as an adjunct to the fact of the prior conviction the additional facts the General Assembly deemed to be necessary to obtain the enhanced penalty. By the express language of Code § 19.2-297.1, those facts are statutorily made relevant to the penalty to be imposed. They are appropriately the subject of a finding instruction, see Joseph v. Commonwealth, 249 Va. 78, 89-90, 452 S.E.2d 862, 869-70 (1995) (discussing finding instructions concerning punishment), and require no extraordinary procedure at the punishment phase. Consistent with Code § 19.2-295.1 (and Rule 3A:17.1), this is evidence for enhancing punishment that is admissible and appropriate for the jury's determination at the punishment phase of trial.[15] Therefore, the trial judge must instruct the jury

---

[15] Prior to the enactment of Code § 19.2-295.1, the Supreme Court held in Brown v. Commonwealth, 226 Va. 56, 59, 307 S.E.2d 239, 241 (1983), that an accused was not denied due process when, during a trial that consolidated the issues of guilt and punishment, the jury was

- 25 -

at the punishment phase (see Code § 19.2-295.1 -- where the Commonwealth "present[s] the defendant's prior criminal convictions") that it must find these additional facts if it is to impose the enhanced punishment required by Code § 19.2-297.1.

The Commonwealth also relies on Berry v. Commonwealth, 22 Va. App. 209, 468 S.E.2d 685 (1996), to support its proposition that Code § 19.2-297.1 must be read to provide that the prior convictions are elements of the offense and, therefore, evidence of those convictions is properly submitted to the jury during the guilt phase of the trial. The short answer to this argument is that Berry does not require that we hold that Code § 19.2-297.1 is an element of the offense of malicious wounding because Berry concerned an entirely different statute, Code § 18.2-248. The Berry decision dealt with the issue whether a defendant's prior narcotics convictions under Code § 18.2-248 were properly admitted to the jury during the guilt phase of the bifurcated trial in a third narcotics prosecution under Code § 18.2-248. Berry, 22 Va. App. at 213, 468 S.E.2d at 687. Unlike Code § 18.2-51 and Code § 19.2-297.1, the statutes at issue in this case, Code § 18.2-248, which was the statute at issue in Berry, provides for the substantive offense as well as for the penalty enhancement for a subsequent offense within the same statute. In Berry, we relied upon this inclusion of the penalty enhancement in the same statute which

informed of previous convictions required for an enhanced punishment. In so holding, the Court noted that the trial judge cautioned the jury not to consider the previous convictions in determining guilt and, significantly, the Court noted the following:

> Brown sought a bifurcated trial, but there is no statutory authorization for such a procedure in this case. Bifurcated trials have been provided by statute only in capital murder cases, Code § 19.2-264.3, and in certain traffic cases, Code § 46.1-347.2. There may be sound arguments for the extension of such trials to other offenses in Virginia, but these arguments should be addressed to the General Assembly.

Id. at 59, 307 S.E.2d at 240-41 (footnote omitted). Eleven years later, in 1994, the General Assembly provided for bifurcated trials in felony prosecutions such as this.

creates the substantive crime in determining that the penalty enhancement was an element of the offense.

Recently, in Medici v. Commonwealth, 260 Va. 223, 532 S.E.2d 28 (2000), the Supreme Court held that introducing evidence of prior convictions at the guilt phase of trial did not violate a defendant's constitutional right to due process under the Fourteenth Amendment. Id. at 227-28, 532 S.E.2d at 31 (citing Brown v. Commonwealth, 226 Va. 56, 59, 307 S.E.2d 239, 241 (1983)). Supporting its holding that no due process violation occurred, the Court noted that the trial judge in Medici instructed the jury to consider the prior convictions only as evidence of a prior conviction and not as evidence of the defendant's guilt. Id. at 229, 532 S.E.2d at 32. The Court, however, specifically declined to address "whether the better policy would be to introduce a prior conviction into evidence only during the sentencing phase . . . [or] whether a prior conviction is an element of the offense charged." Id. The Court declined to do so because the issue raised by Medici dealt solely with whether his constitutional due process rights were violated. Id.

In simple terms, the Supreme Court declined to decide the state-law issue in Medici because Medici raised only a federal constitutional due process issue. The United States Supreme Court has recognized the proposition that, although it is usually the case that prejudice is necessary to establish a violation of due process, see Estes v. Texas, 381 U.S. 532, 542-43 (1965); Hamilton v. Alabama, 368 U.S. 52, 55 (1961), a claim of prejudice is not virtually identical to a claim of a due process violation. As the Court has noted, "proof of prejudice is generally a necessary but not sufficient element of a due process claim." United States v. Lovasco, 431 U.S. 783, 790 (1977).

Unlike the majority here, I believe the statute's notice requirement, our bifurcated trial procedure, and the use of recidivism as a classic sentencing factor (reflecting society's

determination that a defendant deserves enhanced punishment *after* a third conviction) provide additional indications that the legislature intended Code § 19.2-297.1 to function as part of Virginia's sentencing scheme. Quite simply, to conclude that the crime of malicious wounding includes the element of a sentencing aggravator, unrelated to the charged crime, is illogical. The Supreme Court's decision in Spencer v. Texas, 385 U.S. 554, 572 (1967), does not require that we read Code § 19.2-297.1 in such a manner. Like Medici, Spencer dealt with the due process issue of allowing a defendant's prior convictions during the guilt phase, and not an issue of statutory construction. 385 U.S. at 559. Significantly, the Court noted that prior conviction "evidence is generally recognized to have potentiality for prejudice." Id. at 560. The Court deferred, however, to the procedures adopted under each state's "complex code of state criminal evidentiary law" as the mechanism for ameliorating the prejudice. Id. at 562.

In a concurring and dissenting opinion, Chief Justice Warren noted that, as a logical proposition, "[t]he admission [of prior convictions] in connection with enhancing punishment for repeating offenders has nothing whatever to do with the question of guilt or innocence of the crime currently charged." Id. at 579. He further observed the following:

> Because of the complete irrelevance of prior convictions to the question of guilt or innocence, the recidivist situation is not one where the trial courts are called upon to balance the probative value of prior convictions against their prejudicial impact. The purpose of admitting prior-convictions evidence should be served and prejudice completely avoided by the simple expedient of a procedure which reflects the exclusive relevance of recidivist statutes to the issue of proper punishment. Only after a defendant has been found guilty does the question of whether he fits the recidivist category become relevant to the sentence, and any issue of fact as to his prior convictions should then be decided by the jury.

Id.

These observations are apt because we have in Virginia a statutorily mandated system of bifurcated trials. The Supreme Court of Virginia recognized this, and the irrelevance of a

- 28 -

defendant's prior convictions during the guilt phase, in <u>Medici</u>, when it posed without answering the question "whether the better policy would be to introduce a prior conviction into evidence only during the sentencing phase . . . [or] whether a prior conviction is an element of the offense charged." 260 Va. at 229, 532 S.E.2d at 32. Contrarily, the majority concludes that the recidivist statute mandates that a defendant's prior convictions must be proven during the prosecution's case-in-chief. This construction of the statute ignores the irrelevance of Washington's prior conviction to the question of guilt or innocence of the malicious wounding charge. Furthermore, it creates a procedure by which the Commonwealth will needlessly and unfairly benefit from the prejudicial effect of the prior convictions.

A "bedrock principle of Anglo-American jurisprudence," <u>see generally</u>, 1 John H. Wigmore, <u>A Treatise On The Anglo-American System Of Evidence In Trials At Common Law</u>, §§ 55-68a, at 449-91 (3d ed. 1940), is the recognition of the prejudice of a defendant's prior convictions.

> The State may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defendant against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.

<u>Michelson v. United States</u>, 335 U.S. 469, 475-76 (1948) (Jackson, J., concurring). Virginia has of course recognized this long standing prohibition against admitting prior crimes. Absent some exception to the general rule, "evidence implicating an accused in other crimes unrelated to the charged offense is inadmissible because it may confuse the issues being tried and cause undue prejudice to the defendant." <u>Guill v. Commonwealth</u>, 255 Va. 134, 138, 495 S.E.2d 489, 491

(1998); Limbaugh v. Commonwealth, 149 Va. 383, 383, 140 S.E. 133, 135 (1927) (noting that "[t]he accused comes to trial to meet the specific charge against him, not to vindicate or to explain every collateral charge that may be made in the course of the introduction of the evidence").

I cannot conclude, as does the majority, that the legislature intended to needlessly prejudice a defendant by enacting Code § 19.2-297.1. The principle is well established that evidence of other crimes, admitted in the prosecution's case-in-chief, creates undue prejudice, reverses the presumption of innocence, and constitutes reversible error, notwithstanding the absence of a claim of a due process violation. Lewis v. Commonwealth, 225 Va. 497, 501-02, 303 S.E.2d 890, 893 (1983). See also Donahue v. Commonwealth, 225 Va. 145, 156, 300 S.E.2d 768, 774 (1983). "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." Coffin v. United States, 156 U.S. 432, 453 (1895). Even evidence of a defendant's prior misconduct "will usually sink the defense without [a] trace," Edward Imwinkelried, Uncharged Misconduct Evidence § 1:02 (2004) (citing Elliott, The Young Person's Guide to Similar Fact Evidence, 1983 Crim. L. Rev. 284), while evidence of prior crimes is "the most prejudicial evidence imaginable against an accused." Id. (quoting People v. Smallwood, 722 P.2d 197, 205 (Cal. 1986) (superseded by Cal. Evid. Code § 1108).

This basic foundation of our jurisprudence is inconsistent with allowing prior convictions as evidence during the guilt phase under the guise of concluding that it is warranted because the statute at issue is a recidivist statute. Citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), the Commonwealth suggests it is a kind of constitutional imperative to *require* the proof of prior convictions during the guilt phase. Yet, the Commonwealth's analysis conflates the rationale supporting those cases. The

Apprendi line of cases upholds the sanctity of a defendant's right to a trial by jury and the defendant's due process right to require the Commonwealth to prove each element of the crime beyond a reasonable doubt. See In re Winship, 397 U.S. 358, 364 (1970). To claim that Washington's due process rights are protected, as in Apprendi and Blakely, is simply not tenable. Here, introducing Washington's prior convictions during the guilt phase needlessly prejudiced Washington without advancing any legitimate interest of the State. Simply put, the Commonwealth, not Washington, will benefit from the introduction of the prior convictions. Pointlessly, in light of our system of bifurcated jury trials. That system was designed to eliminate the undue prejudice of putting before the jury at the guilt stage evidence of other crimes, which has the effect of stigmatizing a defendant and predisposing a jury to a finding of guilt.

Although the trial judge instructed the jury during the guilt phase that "[e]vidence that the defendant was previously convicted of prior offenses should be considered by you only for proof of the element of a prior conviction and not as proof that he committed the offense to which he is charged," the trial judge also instructed the jury, in pertinent part, as follows:

> The Commonwealth must prove beyond a reasonable doubt
> each of the following elements of that crime:
>
> (1) That the defendant wounded or caused bodily injury
>     by any means to Kathleen Monroe; and
> (2) That such wounding or bodily injury was with intent
>     to maim, disfigure, disable or kill Kathleen Monroe; and
> (3) That the act was done with malice; and
> (4) That the defendant has been previously convicted
>     of two violent felonies.
>
> If you find from the evidence that the Commonwealth has
> proved beyond a reasonable doubt each of the above elements of
> the offense as charged, then you shall find the defendant guilty of
> maliciously wounding or causing bodily injury.

The first instruction cannot be reconciled with the latter finding instruction because the finding instruction tells the jury that the previous convictions are "elements of the crime," i.e., if those previous convictions are proved they constitute proof that he committed the offense with which he is charged.

> The normal presumption is that the jury will follow a curative instruction. Greer v. Miller, 483 U.S. 756, 766 n.8 (1987). However, this presumption cannot apply when the curative instruction fails by its own terms to address the error.

United States v. Hall, 989 F.2d 711, 717 (4th Cir. 1993).

Furthermore, the error in admitting the evidence at the guilt phase was so deliberate and so impressive that, despite the attempt at a curative instruction, the error likely influenced the jury. As the Supreme Court has held, "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." Bruton v. United States, 391 U.S. 123, 135 (1968). An appellate court cannot presume the jury followed a curative instruction when there "exist[s] the overwhelming probability of their inability to do so," Richardson v. Marsh, 481 U.S. 200, 208 (1987), or when there "are deliberately spread before the jury . . . incriminations devastating to the defendant," Bruton, 391 U.S. at 136. In view of our bifurcated trial procedure, we are not free to ignore that legislatively mandated protection and needlessly accept the inevitable potential for prejudice.

For all of these reasons, I would hold that the statute, by its express terms, applies after the conviction. The absence of a constitutional due process prohibition to allowing prior convictions does not, in my mind, equate to a license to do so. Nothing in Code § 19.2-297.1 requires us to construct the statute in such a way to prejudice Washington, and countless other defendants, for no purpose except to give the Commonwealth the unfair advantage of presenting prior convictions to the jury as it assesses a defendant's guilt or innocence. I dissent.

Tuesday                              23rd

November, 2004.


Phillip Morris Washington,                                              Appellant,

 against                    Record No. 1734-03-4
                              Circuit Court Nos. CR01000321-00 and CR01000321-01

Commonwealth of Virginia,                                              Appellee.


Upon a Petition for Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner,
Frank, Humphreys, Clements, Felton, Kelsey and McClanahan


On November 8, 2004 came the appellee, by the Attorney General of Virginia, and filed a

petition praying that the Court set aside the judgment rendered herein on October 26, 2004, and grant a

rehearing *en banc* thereof.

On consideration whereof, the petition for rehearing *en banc* is granted, the mandate entered

herein on October 26, 2004 is stayed pending the decision of the Court *en banc*, and the appeal is

reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. The appellee shall attach as an

addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the

Court in this matter.  It is further ordered that the appellee shall file with the clerk of this Court twelve

additional copies of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued by teleconference

PHILLIP MORRIS WASHINGTON
                                                              OPINION BY
v.        Record No. 1734-03-4              JUDGE JAMES W. BENTON, JR.
                                                        OCTOBER 26, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Ann Hunter Simpson, Judge

Joseph Taylor Brown (Simmons, Brown & Kane, P.L.C., on brief),
for appellant.

Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


A jury convicted Phillip Morris Washington upon an indictment charging that he

committed a malicious wounding "after having been twice convicted of a violent felony," in

violation of Code § 18.2-51 and § 19.2-297.1, and that he committed a wounding during the

commission of a felony in violation of Code § 18.2-53.  On appeal, Washington contends that the

trial judge erred in permitting the prosecutor to prove two prior robbery convictions during the

guilt phase of the bifurcated trial.  We hold that the felony convictions, which must be proved to

invoke Code § 19.2-297.1, are not elements of the malicious wounding offense proscribed by

Code § 18.2-51.  We, therefore, reverse the conviction and remand for a new trial.

I.

Prior to trial, Washington filed a motion *in limine* to prohibit the prosecutor from

introducing evidence of his prior violent felony convictions during the guilt phase of the trial.

His motion asserts that this "evidence is not 'relevant and probative of . . . an element of the

offense'" and that "it would be unduly prejudicial for the Commonwealth to refer to such evidence before any finding of guilt." The Commonwealth argued "that is an element of its proof in its case-in-chief." The trial judge denied Washington's motion, ruling that the Commonwealth had the burden of proving the two prior violent felony convictions and that the jury was required to make the factual finding during the guilt phase of trial. During the Commonwealth's case-in-chief at the guilt phase of the trial, the prosecutor introduced as evidence two prior conviction orders for robberies committed by Washington. At the conclusion of the evidence at the guilt phase, the jury found "the defendant guilty of malicious wounding . . . after having been previously convicted of two violent felonies" and guilty of unlawful wounding during the commission of a felony.

During the punishment phase, the prosecutor informed the jury that "because it was an element of the offense, you got to see [during the guilt phase] the conviction orders for Mr. Washington for two violent felonies." At the conclusion of their deliberations, the jury fixed Washington's punishment at life imprisonment for the malicious wounding offense, the mandatory sentence required by Code § 19.2-291.1, and at five years imprisonment and a five hundred dollar fine for a wounding while committing a felony. The trial judge sentenced Washington according to the jury's verdict.

II.

Washington contends that the trial judge erred in permitting the introduction of evidence of the two prior felony convictions at the guilt phase of the trial. He argues that Code § 19.2-297.1 does not create an element of the offense proscribed in Code § 18.2-51, that the statutes do not require that the prior convictions be proven during the Commonwealth's case-in-chief, and that the admission of the evidence of the convictions before the punishment

- 2 -

phase begins is prejudicial. The Commonwealth contends the two prior felony convictions are elements of the offense and must be submitted to the jury during the guilt phase.

We resolve this issue by reviewing the statutes. Code § 18.2-51 provides that "if any person maliciously wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony." In pertinent part, Code § 19.2-297.1 provides as follows:

> A. Any person convicted of two or more separate acts of violence when such offenses were not part of a common act, transaction or scheme . . . shall, upon conviction of a third or subsequent act of violence, be sentenced to life imprisonment and shall not have any portion of the sentence suspended, provided it is admitted, or found by the jury or judge before whom he is tried, that he has been previously convicted of two or more such acts of violence.

> \* \* \* \* \* \* \*

> B. Prior convictions shall include convictions under the laws of any state or of the United States for any offense substantially similar to those listed under "act of violence" if such offense would be a felony if committed in the Commonwealth.

> The Commonwealth shall notify the defendant in writing, at least thirty days prior to trial, of its intention to seek punishment pursuant to this section.

In applying these statutes, we are guided by well established principles.

> Under basic rules of statutory construction, we determine the General Assembly's intent from the words contained in the statute. When the language of a statute is plain and unambiguous, courts are bound by the plain meaning of that language. Thus, when a statute's language is unambiguous, courts cannot give that language a construction that amounts to holding that the General Assembly did not mean what it actually has stated.

Volkswagen of America v. Smit, 266 Va. 444, 452, 587 S.E.2d 526, 531 (2003) (citations omitted). See also Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001) (holding that, when a statute has words of a plain import, courts cannot construe them in a way that varies the plain meaning of the language). In other words, courts are bound by the plain

- 3 -

meaning of clear, unambiguous statutory language. <u>Pope v. Commonwealth</u>, 19 Va. App. 130, 132, 449 S.E.2d 269, 270 (1994).

Nothing in Code § 18.2-51, the statute proscribing malicious wounding, provides that the occurrence of prior, separate acts of violence are elements of the offense of malicious wounding. Likewise, Code § 19.2-297.1, the statute that defines the effect of prior, separate acts of violence, does not provide that these acts are elements of the offense proscribed by Code § 18.2-51. Indeed, by its express terms, Code § 19.2-297.1 applies only "upon *conviction* of a third or subsequent act of violence," and it provides that the convicted person "shall . . . be *sentenced* to life imprisonment" upon the terms of the statute. (Emphasis added). Significantly, Code § 19.2-297.1 also provides that the prosecutor must "notify the defendant in writing, at least thirty days prior to trial, of its intention to seek *punishment* pursuant to this section." (Emphasis added).

In short, Code § 19.2-297.1 unambiguously relates to the punishment to be imposed upon conviction. Reinforcing its clear, unambiguous language, the legislature enacted Code § 19.2-297.1 in Title 19.2, Chapter 18, of the Code of Virginia under the heading "Sentence; Judgment; Execution of Sentence." It is the only penalty enhancing statute in that chapter. Equally significant is the placement of this statute in the same title of the Code of Virginia as Code § 19.2-295.1, which provides for the bifurcation of trials in which evidence of prior criminal convictions is admitted during the punishment phase.[1]

---

[1] In pertinent part, Code § 19.2-295.1 provides as follows:

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony . . . a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury. At such proceeding, the Commonwealth shall present the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction, including adult convictions and juvenile convictions and

The Commonwealth asserts that the phrase "found by the jury," which is contained in Code § 19.2-297.1, implies that the fact finder must make a finding that the defendant has twice before been convicted of violent offenses prescribed by the statute. We agree with this assertion, as far as it goes. The statutory language, however, does not require that the prior conviction evidence be admitted during the guilt phase of trial. Rather, it expressly provides that "*upon conviction* of a third or subsequent act of violence" that person shall be sentenced to life imprisonment, "provided it is admitted, or found by the jury or judge before whom [the defendant] is tried, that he has been previously convicted of two or more . . . acts of violence." Code § 19.2-297.1 (emphasis added). Consistent with Code § 19.2-295.1, this is evidence for enhancing punishment that is admissible and appropriate for the jury's determination at the punishment phase of trial.[2]

The Commonwealth also relies on Berry v. Commonwealth, 22 Va. App. 209, 468 S.E.2d 685 (1996), to support the proposition that Code § 19.2-297.1 must be read to provide that the

---

adjudications of delinquency. Prior convictions shall include convictions and adjudications of delinquency under the laws of any state, the District of Columbia, the United States or its territories.

[2] Prior to the enactment of Code § 19.2-295.1, the Supreme Court held in Brown v. Commonwealth, 226 Va. 56, 59, 307 S.E.2d 239, 241 (1983), that an accused was not denied due process when, during a trial that consolidated the issues of guilt and punishment, the jury was informed of previous convictions required for an enhanced punishment. In so holding, the Court noted that the trial judge cautioned the jury not to consider the previous convictions in determining guilt and, significantly, the Court noted the following:

> Brown sought a bifurcated trial, but there is no statutory authorization for such a procedure in this case. Bifurcated trials have been provided by statute only in capital murder cases, Code § 19.2-264.3, and in certain traffic cases, Code § 46.1-347.2. There may be sound arguments for the extension of such trials to other offenses in Virginia, but these arguments should be addressed to the General Assembly.

Id. at 59, 307 S.E.2d at 240-41 (footnote omitted). Eleven years later, in 1994, the General Assembly provided for bifurcated trials in felony prosecutions such as this case.

prior convictions are elements of the offense and, therefore, evidence of those convictions is properly submitted to the jury during the guilt phase of the trial. The short answer to this argument is that Berry does not require that we hold that Code § 19.2-297.1 is an element of the offense of malicious wounding because Berry concerned an entirely different statute, Code § 18.2-248. The Berry decision dealt with the issue whether a defendant's prior narcotics convictions under Code § 18.2-248 were properly admitted to the jury during the guilt phase of the bifurcated trial in a third narcotics prosecution under Code § 18.2-248. Berry, 22 Va. App. at 213, 468 S.E.2d at 687. Unlike Code § 18.2-51 and Code § 19.2-297.1, the statutes at issue in this case, Code § 18.2-248, which was the statute at issue in Berry, provides for the substantive offense as well as for the penalty enhancement for a subsequent offense within the same statute. In Berry, we relied upon this inclusion of the penalty enhancement in the same statute which creates the substantive crime in determining that the penalty enhancement was an element of the offense.

Recently, in Medici v. Commonwealth, 260 Va. 223, 532 S.E.2d 28 (2000), the Supreme Court held that introducing evidence of a prior conviction at the guilt phase of trial did not violate a defendant's constitutional right to due process under the Fourteenth Amendment. Id. at 227-28, 532 S.E.2d at 31 (citing Brown, 226 Va. at 59, 307 S.E.2d at 241). Supporting its holding that no due process violation occurred, the Court noted that the trial judge in Medici instructed the jury to consider the prior convictions only as evidence of a prior conviction and not as evidence of the defendant's guilt. Id. at 229, 532 S.E.2d at 32. The Court, however, specifically declined to address "whether the better policy would be to introduce a prior conviction into evidence only during the sentencing phase . . . [or] whether a prior conviction is an element of the offense charged." Id. The Court declined to do so because the issue raised by Medici dealt solely with whether his constitutional due process rights were violated. Id.

In simple terms, the Supreme Court declined to decide the state-law issue in Medici because Medici raised only a constitutional due process issue. The United States Supreme Court has recognized the proposition that, although it is usually the case that prejudice is necessary to establish a violation of due process, see Estes v. Texas, 381 U.S. 532, 542-43 (1965); Hamilton v. Alabama, 368 U.S. 52, 55 (1961), a claim of prejudice is not virtually identical to a claim of a due process violation. As the United States Supreme Court has noted, "proof of prejudice is generally a necessary but not sufficient element of a due process claim." United States v. Lovasco, 431 U.S. 783, 790 (1977).

In this case, Washington argued that under state law the evidence of prior violent convictions was not an element of malicious wounding. See Code § 18.2-51. The trial judge ruled that it was and permitted the prosecutor to prove those convictions in the Commonwealth's case-in-chief at the guilt phase of the bifurcated trial. We hold that the trial judge erred in ruling that the prior convictions, which are required for the enhanced punishment under Code § 19.2-297.1, are elements of the offense and in admitting evidence of those convictions during the guilt phase of the trial.[3]

_____

[3] Although the trial judge later instructed the jury during the guilt phase that "[e]vidence that the defendant was previously convicted of prior offenses should be considered by you only for proof of the element of a prior conviction and not as proof that he committed the offense to which he is charged," the trial judge also instructed the jury, in pertinent part, as follows:

> The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> (1) That the defendant wounded or caused bodily injury by any means to Kathleen Monroe; and
> (2) That such wounding or bodily injury was with intent to maim, disfigure, disable or kill Kathleen Monroe; and
> (3) That the act was done with malice; and
> (4) That the defendant has been previously convicted of two violent felonies.

The general rule is well established that in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged.

Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

Absent some exception to the general rule, "evidence implicating an accused in other crimes unrelated to the charged offense is inadmissible because it may confuse the issues being tried and cause undue prejudice to the defendant." Guill v. Commonwealth, 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998). As in this case, the evidence "had the effect of impeaching [the defendant's] character, which he had not put in issue, and led to the inference that because of a criminal propensity he probably committed the crime for which he was being tried." Fleenor v. Commonwealth, 200 Va. 270, 275, 105 S.E.2d 160, 163 (1958). The principle is well established, however, that evidence of other crimes, which are improperly admitted in the prosecution's case-in-chief creates undue prejudice and constitutes reversible error, notwithstanding the absence of a claim of a due process violation. Lewis v. Commonwealth, 225 Va. 497, 501-02, 303 S.E.2d 890, 893 (1983). See also Donahue v. Commonwealth, 225 Va. 145, 156, 300 S.E.2d 768, 774 (1983).

Accordingly, we reverse the conviction and remand for a new trial.

Reversed and remanded.

---

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty of maliciously wounding or causing bodily injury.

The first instruction cannot be reconciled with the latter finding instruction because the finding instruction tells the jury that the previous convictions are "elements of the crime," i.e., proof that he committed the offense to which he is charged.

- 8 -

McClanahan, J. dissenting.

Because prior precedent binds us, I would affirm the judgment of the trial court. See generally Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 143 (2002) (citing Commonwealth v. Burns, 240 Va. 171, 173-74, 395 S.E.2d 456, 457 (1990)); Pulliam v. Coastal Emergency Servs., Inc., 257 Va. 1, 10, 509 S.E.2d 307, 312 (1999); Johnson v. Commonwealth, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996); Selected Risks Ins. Co. v. Dean, 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987); Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73-74, 577 S.E.2d 538, 540 (2003) (noting that the principle that courts are bound by the doctrine of *stare decisis* "applies not merely to the literal holding of the case, but also to its *ratio decidendi* – the essential rationale in the case that determined the judgment"); Bostic v. Commonwealth, 31 Va. App. 632, 635-36, 525 S.E.2d 67, 68 (2000); see also Code § 17.1-402(D).

Prior Supreme Court of Virginia and Court of Appeals of Virginia cases have authorized the admission of recidivists' prior convictions in the guilt phase of trials for the purpose of enhanced punishment. See e.g., Medici v. Commonwealth, 260 Va. 223, 229, 532 S.E.2d 28, 32 (2000); Brown v. Commonwealth, 226 Va. 56, 58-59, 307 S.E.2d 239, 240 (1983); Berry v. Commonwealth, 22 Va. App. 209, 213, 468 S.E.2d 685, 687 (1996); Pittman v. Commonwealth, 17 Va. App. 33, 35-36, 434 S.E.2d 694, 695-96 (1993); Farmer v. Commonwealth, 10 Va. App. 175, 179-80, 390 S.E.2d 775, 776-77 (1990), aff'd on reh'g, 12 Va. App. 337, 404 S.E.2d 371 (1991) (*en banc*).

The majority opinion holds that the three-strikes law allows admission of evidence of prior crimes only in the sentencing phase of a bifurcated trial. The General Assembly established bifurcated jury trials for felonies or Class 1 misdemeanors in Code § 19.2-295.1 in 1994. Both Berry and Medici were decided post-1994. The issues in those cases, whether the bifurcation statute prohibits evidence of prior convictions from being admitted in the guilt phase,

and whether admission of prior convictions in that phase violates a defendant's right to due process, respectively, are the identical issues raised in this case.[4]  The appellant argues that "the factual determination [of his prior crimes] must be made during the sentencing phase of the trial" and that the trial court "failed to guarantee [his] right to a fair trial and due process."  Berry held that the bifurcation statute does not prevent the introduction of evidence of prior convictions in the guilt phase.  Berry, 22 Va. App. at 213, 468 S.E.2d at 687.  Medici held that admission of the prior crimes in the guilt/innocence phase does not violate due process.  Medici, 260 Va. at 229, 532 S.E.2d at 32.  See also Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983) (reaffirming Spencer v. Texas, 385 U.S. 554, 567-69 (1967) (holding that admission of evidence of prior felonies at the guilt phase of a trial does not violate due process)).  The majority's attempts to distinguish Berry and Medici are, in my view, not persuasive.[5]

---

[4] The existence of the bifurcation statute does not change the requirement of proving prior convictions under the recidivist statute, even if the provision for enhanced punishment is contained in a separate statute from the charged offense.  Either way, "[w]hen sentence enhancement is an issue, the Commonwealth has the burden of proving the existence of a defendant's prior, valid convictions."  Harris v. Commonwealth, 26 Va. App. 794, 803, 497 S.E.2d 165, 169 (1998); see also Calfee v. Commonwealth, 215 Va. 253, 255, 208 S.E.2d 740, 741-42 (1974) (quoting Commonwealth v. Ellett, 174 Va. 403, 409, 413, 4 S.E.2d 762, 764, 766 (1939)).  Moreover, the statute in this case requires the judge or jury to make a finding on the previous convictions.  Code § 19.2-297.1.  When findings are made at the sentencing phase of the trial, the questions then presented are:  1) what the burden of proof at that phase of the trial should be – preponderance of the evidence or beyond a reasonable doubt, cf. Blakely v. Washington, ___ U.S. ___ (2004); Apprendi v. New Jersey, 530 U.S. 466 (2000); In re Winship, 397 U.S. 358 (1970); and 2) what evidentiary rules apply at that phase of the trial.  Blakely, ___ U.S. at ___ (Breyer, J., dissenting) (citing United States v. Watts, 519 U.S. 148, 153-57 (1997) (per curiam)); cf. Witte v. United States, 515 U.S. 389, 399-401 (1995).
   In this case, jury instructions stated that the previous convictions were elements that the Commonwealth was required to prove beyond a reasonable doubt.  The judge also gave a cautionary instruction that stated that the jury should consider evidence of the prior convictions "only for proof of the element of a prior conviction and not as proof that he committed the offense" with which he was charged.  See Simpson v. Commonwealth, 199 Va. 549, 554, 100 S.E.2d 701, 705 (1957).

[5] The majority attempts to distinguish Berry by stating that the statute at issue in Berry, Code § 18.2-248, provides for both the substantive offense and penalty enhancement for a subsequent offense within the same statute, therefore making it an element of the offense.

A panel of this Court is not authorized to overrule established precedent. See Robinson

v. Commonwealth, 13 Va. App. 540, 543, 413 S.E.2d 661, 662 (1992) ("Under the rule

of *stare decisis*, a decision by a panel of this court is an established precedent."); Roane

---

Because the penalty enhancement in this case falls under Title 19.2 of the Code, the majority finds it is not an element of the offense and, thus, Berry does not apply.

However, in Brown, 226 Va. at 58-59, 307 S.E.2d at 240, the Supreme Court addressed admission of prior crimes under Code § 19.2-297, a statute that has since been repealed. That statute employed nearly identical language to the statute at issue in the case at bar, except that it provided enhanced penalties for larcenies rather than violent felonies. Like the statute in this case, it also fell under Title 19.2. Additionally, because Code § 19.2-297.1 is a general recidivism statute that applies to numerous criminal statutes, its placement in Title 19.2 saves repetition of its provisions in each of the substantive criminal statutes to which it applies. Finally, names or titles of statutes do not control statutory construction. Code § 1-13.9.

With regard to Medici, the majority attempts to distinguish it by stating that it "dealt solely with whether his constitutional due process rights were violated." The majority holds that admission of the prior convictions is prejudicial and therefore is distinguished from a claim of a due process violation. In the case at bar, the question presented is whether the trial court erred in admitting "two prior felony convictions during the culpability phase of the trial," which was for the purpose of the sentence enhancement under the so-called three-strikes law. However, appellant does not attempt to distinguish, as the majority does, a claim of prejudice and due process. Appellant argues,

> The Defendant's state and federal constitutional rights to a fair trial require that no unnecessary prejudicial evidence be entered against the Defendant. The trial court did not follow that language and meaning of the statute and failed to guarantee the Defendant's right to a fair trial and due process. The Defendant did not receive a fair trial because of this prejudice.

In fact, whether a circumstance is prejudicial is inherently a question of due process:

> "Every procedure which would offer a *possible* temptation to the average man . . . to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law."

Estes v. Texas, 381 U.S. 532, 543 (1965) (quoting Tumey v. Ohio, 273 U.S. 510, 532 (1927)).

"[M]ost cases involving claims of due process deprivations . . . require a showing of identifiable prejudice to the accused. Nevertheless, at times a procedure employed by the State involves such a probability that prejudice will result that it is deemed inherently lacking in due process." Id. at 542-43. Thus, whether admission of the two felonies is prejudicial is essentially a question of due process. The Supreme Court has held that admission of evidence of prior felonies at the guilt phase of a trial does not violate due process. Spencer, 385 U.S. at 567-68; see also Lonberger, 459 U.S. at 438 n.6.

<u>v. Roane</u>, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991) ("[W]e are bound by the decisions of the Supreme Court of Virginia and are without authority to overrule [them]."). Though the statutes at issue in the recidivism cases cited above are not the specific statute at issue in this case, *stare decisis* requires that we are bound by not just the literal holding in the case, but by the essential rationale that determines the judgment of the case. <u>Clinchfield Coal</u>, 40 Va. App. at 73-74, 577 S.E.2d at 540. Therefore, I respectfully dissent.